UNION OIL COMPANY OF
CALIFORNIA, Appellant,

v.

E. J. RICHARD, Appellee.

No. 7749.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 26, 1975.
Rehearing Granted Dec. 31, 1975.
Rehearing Denied Jan. 22, 1976.

Robert M. Julian, Houston, for appellant.

Harold J. Eisenman, Beaumont, for appellee.

DIES, Chief Justice.

Plaintiff below, E. J. Richard, brought suit against defendant, Union Oil Company

of California—under the Jones Act, 46 U.S. C.A. § 688 at 21 (1975)—alleging injury as a seaman aboard the tanker SS DAVID D. IRWIN. Trial was to a jury which found for plaintiff and from which defendant—appellant—appeals. The parties will be referred to as they were below.

Defendant's first point complains of the trial court's refusal to give certain instructions in his charge. These were: defendant is not obligated to provide an accident-proof ship the mere occurrence of an accident does not raise any inference or presumption of negligence or unseaworthiness; defendant's obligation was only to furnish a vessel and equipment reasonably fit for its intended use; an undiscoverable amount of oil on a grating would not automatically create an unseaworthy condition if such was normal and necessary; that it is a fact of common knowledge that in almost every occupation aboard ship there is some inherent and unavoidable risk; that a corporation is entitled to a fair trial on the same basis as a private individual; and that plaintiff must prove the causal relationship between the incidents of February 4 and February 7, 1971, and his present complaints, concerning which the evidence must be more than speculation or conjecture.

■ The federal act referred to above prescribes the substantive rights of the parties in cases under the Act, but when such cases are filed in state courts, they are generally to be tried in accordance with state's own rule of civil procedure. *Missouri Pacific Railroad Company v. Cross*, 501 S.W.2d 868 (Tex.1973).

■ While some of these requested instructions are expressions of substantive law * we have been cited no Federal or Texas case requiring their instruction to the jury.

Tex.R.Civ.P. 277 states:

"In submitting the case, the court shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict."

This rule gives the trial court considerable discretion in deciding what instructions are necessary and proper in submitting issue to the jury. *Mobil Chemical Company v. Bell*, 517 S.W.2d 245 (Tex.1974); *Hailes v. Gentry*, 520 S.W.2d 555 (Tex.Civ.App.—El Paso 1975, no writ). See also Braswell, *Recent Developments under Rule 277*, 10 Tex Trial Law.F. 9 (October-December 1975).

See *First State Bank & Trust Co. of Edinburg v. George*, 519 S.W.2d 198 (Tex. Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.). A collecting bank as holder of checks on which payment was stopped, brought suit against the drawers. Bank requested the following instruction:

"You are instructed as a matter of law that the bank was not required to charge back any of the checks at any particular time, or at all, and that any failure to charge back a check, or to charge the check in a particular manner, does not affect the bank's right of action against the defendants." (519 S.W.2d 206)

■ The appellate court said, "[S]uch instruction is not necessary to aid the jury in their factual determinations." (519 S.W.2d 207). The only function of an explanatory instruction in the charge is to aid and assist the jury in answering issues submitted. G. Hodges, Special Issue Submission in Texas § 10 at 29–30 (1959); R. McDonald, 3 Texas Civil Practice § 12.14.2 (1970); *Deviney v. McLendon*, 496 S.W.2d

---

* See the following: *Great Northern R. Co. v. Wiles*, 240 U.S. 444, 36 S.Ct. 406, 60 L.Ed. 732 (1916); *Reinhart v. United States*, 457 F.2d 151 (9th Cir. 1972); *Noack v. American Steamship Company*, 491 F.2d 937 (6th Cir. 1974); *Walker v. Lykes Bros. S.S. Co.*, 193 F.2d 772 (2d Cir. 1952); *Dixon v. United States*, 219 F.2d 10 (2d Cir. 1955).

161 (Tex.Civ.App.—Beaumont 1973, writ ref'd n. r. e.); *Levermann v. Cartall*, 393 S.W.2d 931 (Tex.Civ.App.—San Antonio 1965, writ ref'd n. r. e.). The only requirement to be observed is that the trial court must give definitions of legal and other technical terms. *"Anything else, however interesting, or, indeed, however relevant to the case in general—which does not aid the jury in answering the issues must be excluded."* G. Hodges, Special Issue Submission in Texas § 8 at 25 (1959). (Emphasis supplied.)

■ Here the Court inquired if plaintiff sustained injuries as alleged, whether defendant failed to provide plaintiff with a reasonably safe place to work (with definition of this term), whether this failure was a producing cause of the alleged injuries, whether the deck where plaintiff slipped was reasonably fit for its intended use; followed by issues of contributory negligence. So, there was no need for the Court to submit these requested instructions, since none of them could aid the jury in answering the issues. This point is overruled.

Defendant's next point is "[t]he District Court Erred in Not Granting Judgment N.O.V. or a New Trial for Plaintiff's Failure to Prove Liability or Causal Connection Between the Incidents of February 3 and February 7, 1971, and his Present Medical Complaints."

Plaintiff, a fifty-three year old Third Officer, had been in the Merchant Marines since World War II. He had no previous injuries. He testified that on February 4, 1971, he slipped on an iced deck that should have been sanded, causing leg numbness. Three days later he slipped again on an oily or greasy grating. This accident was witnessed. It was the responsibility of the chief mate and boatswain to hose down this area and keep it clean. Plaintiff experienced pain and numbness after these accidents. In June 1973 his back was operated

on for the first time. In March 1974 it was reoperated on. Thereafter, he tried a ten-day trip, but he had to leave the ship because, "It about eat me up." That was his only work between the second operation and the trial in 1975.

Just prior to the trial, a procedure was performed on his back (rhizolysis) to deaden some nerves and relieve the pain. A neurosurgeon expressed the opinion plaintiff could not perform the functions of a seaman, and that nerve root adhesions will become worse in the future, and he attributed his symptoms and complaints to the trauma of his accident.

■ We believe this summarized evidence factually supports the jury's finding of causation, and we overrule this point of error.

■ Defendant's next point complains of testimony as to the cost of purchasing an annuity. The witness Kelly, a life insurance underwriter, gave testimony of the cost of an annuity of $20,000 per year, assuming the purchaser to be fifty-one years old with a life expectancy of 28.7 years. This testimony presents no error. *Texas & New Orleans Railroad Company v. Jacks*, 306 S.W.2d 790, 796 (Tex.Civ.App.—Beaumont 1957, writ ref'd n. r. e.). See also *Louisiana & Arkansas Railway Company v. Mullins*, 326 S.W.2d 263 (Tex.Civ.App.—Texarkana 1959, writ ref'd n. r. e.) [cert. denied, 361 U.S. 966, 80 S.Ct. 596, 4 L.Ed.2d 546 (1960)].

Defendant has a point that complains of the jury's finding of $20,000 for future medical expenses as being supported by no evidence or insufficient evidence.

One of the physicians who operated on plaintiff testified his cost of medical treatment for the last few months would reflect his future requirements. Plaintiff's medical bills from February 1974 until the time of the physician's testimony was over

$1,000. This amount projected through his life span expectancy would be double what the jury awarded. Another physician opined plaintiff may need further surgery; plaintiff should be seen every three months at $25 per visit; plaintiff should have periodic x-rays at $22 and physical therapy at $18 each. We believe the jury's finding is factually supported and overrule this point.

Defendant has other contentions which we find without merit. All points not discussed herein are overruled.

The judgment of the trial court is AFFIRMED.

*On The Motion for Rehearing*

■ Appellant urges the evidence does not support the $20,000 award for future medical. We find this contention is good. Dr. Gol's testimony does not support this amount.

Dr. Baron stated he would need to see plaintiff four times per year at $25 per visit and would require x-rays twice a year at $22 each, for a total of $144 per year. With plaintiff's life expectancy being 28.7 years, these expenses amount to $4,133. In addition to this treatment, the physician also testified that plaintiff would need up to 24 treatments of therapy at $18 per treatment, totaling $432, making the sum of plaintiff's future medical $4,565.

If appellee, E. J. Richard, shall file a remittitur of $15,435 within ten (10) days from date this cause will be affirmed; otherwise, it is reversed and remanded.