Arthur L. BRANDON d/b/a Aircraft Underwriters Agency

v.

Susan COOPER d/b/a Cooper Aircraft Insurance Agency.

No. 9039.

Court of Civil Appeals of Texas, Amarillo.

Oct. 31, 1979.

Rehearing Denied Dec. 31, 1979.

William L. Martin, Jr., Hubbard, Thruman, Turner, Tucker & Glaser, Dallas, for appellant.

William N. Radford, Franklin H. Perry, Thompson, Coe, Cousins & Irons, Dallas, for appellee.

DODSON, Justice.

Arthur L. Brandon d/b/a Aircraft Underwriters Agency appeals from a take-nothing judgment rendered on a jury verdict in his action against Susan Cooper d/b/a Cooper Aircraft Agency. Brandon owns and operates an aircraft insurance agency and Susan Cooper is a former employee of the agency. Ms. Cooper terminated employment with Brandon, formed her own agency and began competing with Brandon. After Ms. Cooper began her agency, several former customers of the Brandon Agency moved their accounts to the Cooper Agency. Brandon brought suit against Ms. Cooper alleging, *inter alia*, unfair competition, breach of an agreement not to compete, and the use of confidential information by Ms. Cooper. Confidential information was defined in the court's charge but on appeal Brandon challenges the trial court's failure to give an additional explanatory instruction on the definition of confidential information. Brandon also maintains that the jury's negative answer to the confidential information issue is against the great weight and preponderance of the evidence. We affirm the judgment.

Finding no liability or damage issues favorable to Brandon, the jury determined that Susan Cooper was under no obligation as an employee not to compete with Brandon for a period of one year after termination of her employment; that she did not breach her duty to act in good faith toward his customers during the term of her employment with Brandon; and that Brandon did not possess any confidential information prior to 2 June 1976, the date Susan Cooper's employment was terminated.

Brandon brings only two points of error. In his first point, he asserts that the "trial court erred in its charge to the jury by failing to submit the requested instruction on confidential information actually representing the independent efforts of its claimant, where the defendant showed that the information could be independently derived." The court defined confidential information as follows:

'Confidential information' may be any formula, pattern, device or any compilation of information which gives either party an advantage or opportunity to obtain an advantage over competitors who did not know or use it. The subject matter of confidential information must be secret. Confidential information must be secret to the extent that it is a private matter which is intended to be kept secret.

Brandon does not object to the specific language used in the definition. He only contends that the definition should have included the following sentences: "Confidential information may be known to some others in the industry, but it is not a matter of general knowledge in the industry. The information or knowledge must represent in considerable degree the independent efforts of its claimant." Brandon cites *Expo Chemical Co., Inc. v. Brooks*, 572 S.W.2d 8 (Tex.Civ.App.—Houston [1st Dist.] 1978), rev'd, 576 S.W.2d 369 (Tex.1979), and *Elcor Chemical Corp. v. Agri-Sul, Inc.*, 494 S.W.2d 204 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.) in support of his position; however, these cases are not supportive. We deem it unnecessary to undertake an academic discussion of these cases.

Rule 279 of the Texas Rules of Civil Procedure provides in part: "Failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested . . . ." We are not convinced that information which is known, but not generally known in the trade or industry may be converted or transformed into secret or confidential information by merely accumulating the information through one's own efforts. See *Wissman v. Boucher*, 150 Tex. 326, 240 S.W.2d 278, 280 (1951); *Hallmark Personnel of Texas, Inc. v. Franks*, 562 S.W.2d 933, 936 (Tex.Civ. App.—Houston [1st Dist.] 1978, no writ). We are not persuaded that the requested

instruction is a correct or substantially correct statement of the law. Thus, the court properly refused the requested charge.

In his brief, Brandon undertook to expand on the first point by maintaining that the definition of confidential information should have included the following:

The term 'confidential relationship' is meant to include every form of relationship between parties wherein confidence and trust is imposed by and between parties and such parties are justified in placing confidence in each other and rely upon fair dealing in good faith in addition to contractual obligations. Where a confidential relationship exists, the person to whom the confidential information, as defined herein, is disclosed, has a duty not to use it or disclose it without permission. Such a person may not lawfully use such confidential information, even though he might have drawn such information from other sources. To rely on such other sources, the person must show that he or it actually used such other sources and not the confidential disclosure of confidential information.

■■ Rule 277, Texas Rules of Civil Procedure, authorizes a special instruction only when it is necessary to enable the jury to properly pass upon and render a verdict on the issues submitted. *Pittsburg Coca Cola Bottling Works v. Ponder*, 443 S.W.2d 546, 550 (Tex.1969); *Boaz v. White's Auto Stores*, 141 Tex. 366, 172 S.W.2d 481, 484 (1943). Assuming a proper request or objection, the primary criterion to be observed is that the trial court must give definitions of legal and other technical terms used in the charge. *Union Oil Co. of California v. Richard*, 536 S.W.2d 955, 958 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.). "Anything else, however interesting, or, indeed, however relevant to the case in general—which does not aid the jury in answering the issues must be excluded." *Id.* at 958 (quoting G. HODGES, SPECIAL ISSUE SUBMISSION IN TEXAS 25 (1959)). In the case before us, the term "confidential relationship" is not used in the issues submitted to the jury; therefore, we

conclude that the trial court properly excluded a definition of the term.

■■ At the trial, Brandon claimed that the policy expiration dates of its customers were confidential information. In his second point, Brandon contends that the jury's refusal to answer that he possessed confidential information prior to 2 June 1976, is against the great weight and preponderance of the evidence. This negative finding merely means that Brandon failed to carry his burden of persuasion on the issue. *Perry v. H & S Mechanical Contractors*, 578 S.W.2d 432, 427 (Tex.Civ.App.—Amarillo 1979, no writ). Also, the jury's failure to find a fact vital to Brandon's action need not be supported by affirmative evidence. *Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex.1973). In deciding Brandon's challenge to the negative jury finding, however, we must consider and weigh all of the evidence in support of and contrary to the finding to determine if the jury's refusal to answer the issue favorable to Brandon is so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. *Traylor v. Goulding, supra*, at 945; *Garza v. Alviar*, 395 S.W.2d 821, 823 (1965); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

The controversy arose when Susan Cooper terminated her employment with Brandon and three major clients moved their accounts to Cooper's agency. Brandon originally bought his agency from Susan Cooper's mother in 1970 after the death of Susan's father. Susan worked in the agency with her father and continued to work for Brandon in the agency until 2 June 1976.

During the time Susan was employed by Brandon, the agency compiled customer policy expiration dates. We point out that Brandon does not claim that Susan Cooper obtained or used the actual customer list or policy expiration dates compiled by the Brandon agency and that there is no evidence to support such a claim. Susan testified that after leaving the Brandon agency she compiled from memory a list containing some of the names and policy expiration dates of clients of Brandon's agency.

Both parties concede that the customers involved are all airplane owners. This class is readily ascertainable through public lists. Although the precise expiration date of the customer's policy cannot be exactly determined from computerized lists of airplane owners, an "educated guess" can be used to determine the expiration date within sixty days. Aircraft and aviation insurance policies are normally written on an annual basis at or near the time the aircraft is purchased by the owner. The date of purchase is shown on the aircraft owner lists. The primary source of the policy expiration date is the policy owner himself. We note that the policy belongs to the policy owner, not the agent, and that the expiration date is a part of the policy. When owners finance all or a part of the purchase price of the aircraft, then the policy expiration date is known also to the financier.

■ The annual dates of the policies of the three major customers were matters of common knowledge to both Brandon and Susan Cooper. These three customers were longtime family friends and business associates of the Cooper family. The policy expiration dates of these customers were available to Susan Cooper from the customers themselves. Ms. Cooper testified that policy expiration dates of other customers were obtained by her from the individual customers and other sources available to her. The evidence fails to show that the policy expiration dates of Brandon's customers were secret.

We have read the entire record in this case including the full statement of facts. Having read and considered all of the evidence in this case, we conclude that the jury's negative answer on the challenged issue is not so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust.

In summary, we overrule Brandon's two points of error. Accordingly, the judgment is affirmed.

COUNTISS, J., not participating.