**Virginia GUADIANO, et vir., Appellants,**

v.

**Maurice N. FLEISHMAN, et al., Appellees.**

**No. 16660.**

Court of Civil Appeals of Texas, San Antonio.

June 23, 1982.

Frank Herrera, Jr., L. Wayne Scott, Martha Warren Warner, San Antonio, for appellants.

Edward F. Fahey, Joe Meador, San Antonio, for appellees.

Before ESQUIVEL, BUTTS and BASKIN, JJ.

## OPINION

BUTTS, Justice.

The former opinion in this case is withdrawn on appellant's motion for rehearing.

This is an appeal from a take-nothing judgment rendered by the trial court in a products liability and negligence case. We reverse and remand.

Virginia Guadiano, hereafter appellant, sustained back injuries when her foot slipped from a rung of a fixed steel ladder in the Abbey Rents warehouse in San Antonio on September 27, 1976. She retained a hand hold and "dangled" about twenty feet in the air before being helped down from the ladder. Joined by her husband, Gilbert Guadiano, she sued numerous defendants; however, all except appellee Maurice H. Fleishman, an architect, and appellee South Texas Maintenance, Inc., an industrial maintenance service business, were nonsuited. Fleishman, architect for the building, designed some of its appurtenances, including the ladder in this case. Appellant alleged that Fleishman was responsible for the defective design of the ladder and that he also negligently designed it. The design

of the ladder rungs, which were of steel, round, with no antiskid track or abrasive material on them was the focal point of the suit against Fleishman.

Appellant, who was the office manager of Abbey Rents, slipped from the ladder rung as she climbed to the roof scuttle (opening) in order to exit onto the roof to examine rain and storm damage. She alleged that South Texas had previously applied bird repellant, a "colorless, gooey," vaseline-like substance, to the ceiling beams and pipes in the warehouse, negligently causing the substance to coat the ladder rungs. She further alleged that South Texas had been requested to remove the spilled bird repellant but had failed to do so. She testified that she saw bird repellant on the ladder rung after her foot had slipped.

The only question on appeal is whether the trial court erred in refusing to instruct the jury, as requested by appellant, not to consider evidence of her negligence, if any, in connection with the strict liability issue.

■ Jury instruction number one, encompassing appellant's strict liability theory of recovery, was:

Do you find from a preponderance of the evidence that at the time the ladder in question was designed by Maurice H. Fleishman, Architect, the ladder was defectively designed?

By the term "defectively designed" as used in this question is meant a product that is unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use.

Special issue number two was a "producing cause" issue. Special issue number three, which was the only negligence issue submitted, other than a comparative negligence one, asked:

Whose negligence, if any, do you find from a preponderance of the evidence proximately caused the occurrence in question made the basis of this suit?[1]

---

1. Appellant also requested a separate instruction on Fleishman's negligence and want of due care in designing the ladder, which was denied.

Answer by stating one of the following choices ....

(A) South Texas Maintenance, Inc. or

(B) Maurice H. Fleishman or

(C) Abbey Rents or

(D) Virginia Guadiano or

(E) Any combination of South Texas Maintenance, Inc., Maurice H. Fleishman, Abbey Rents and Virginia Guadiano

(F) No one or none of the above.

In connection with special issue one, appellant requested this instruction:

You are further instructed that in answering this issue you shall not consider any evidence of negligence on the part of Virginia Guadiano, if any, in climbing the ladder in question on the occasion in question.

The trial court refused to submit the instruction. While the definitions of "negligence" and "defective design" may have certain similarities or common elements, they involve two separate theories of recovery. *Gonzales v. Caterpillar Tractor Co.,* 571 S.W.2d 867, 871 (Tex.1978), *Rourke v. Garza,* 530 S.W.2d 794, 800 (Tex.1975). The care taken by the supplier of a product in its preparation is not a consideration in strict liability; this is, however, the ultimate question in a negligence action. *Gonzales v. Caterpillar Tractor Co., supra,* at 871.

■ The Texas courts have approved the Restatement of Torts (Second), Section 402A (1965) by holding a dealer of a product liable for subsequent injury caused by that product where the product is defective and unreasonably dangerous to the consumer. *See Turner v. General Motors Corp.,* 584 S.W.2d 844 (Tex.1979) and cases cited therein. Strict liability in tort is recognized when the product is defective because of an unsafe design. *See Rourke v. Garza, supra.* Design defects may involve products which are manufactured as intended but whose design is unreasonably dangerous. *See Helicoid Gage Div. of Am. Chain & Cable Co. v. Howell,* 511 S.W.2d 573 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n. r.

e.). Foreseeability by the defendant is not an issue in products liability. *Hartzell Propeller Co. v. Alexander,* 485 S.W.2d 943, 946 (Tex.Civ.App.—Waco 1972), writ ref'd n. r. e.). The plaintiff's due care or want of due care is immaterial in a strict liability action. *McKisson v. Sales Affiliates, Inc.,* 416 S.W.2d 787, 792–793 (Tex.1967). *Restatement of Torts,* Sec. 402A, comment (n), *supra.* Traditional contributory negligence does not bar recovery. *Helicoid Gage Div. of Am. Chain & Cable Co. v. Howell, supra,* at 575.

■ The instant case is a classic example of the plaintiff's right to seek recovery under two separate theories, strict liability and negligence, and, when they are plead and supported by evidence, to have those two theories submitted by sharp and clearly defined instructions to the jury. Presenting these two theories of recovery in one jury charge is, at best, confusing to a jury. But when the court's attention is directed to the confusing parts of the charge by a requested instruction, as here, it is the right of the plaintiff to have each theory submitted clearly and distinctly. This will characterize the differing burdens of proof and defenses. Tex.R.Civ.P. 277, 279.

We note in this case that special issue number three submitted on the theory of negligence does not indicate that the defense of contributory negligence applies only to that theory. Had the trial court expressly limited it and made it inapplicable to strict liability, the harm would have been alleviated.

■ These two theories of recovery are not merely separate "issues" which may be properly combined and submitted in a broad jury charge. *See e.g. Members Mutual Ins. Co. v. Muckelroy,* 523 S.W.2d 77 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.). They are separate and distinct theories of recovery. Neither is a "collateral issue" of the other.

"The combination of old and new substantive theories of recovery with the existence of the allocation problems in strict liability has given rise to a new phenome-

non. A plaintiff may plead his case alternatively upon grounds of negligence, strict liability .... The different theories ... throw a massive conceptual burden not only upon the attorneys and the trial judge, but also upon lay jurors. Having almost escaped the multitude of issues that once surrounded negligence cases, the bar is now faced with a multitude of new theories of action." Pope and Lowere, *The State of the Special Verdict*—1979, 11 St. Mary's L.J. 1, 50 (1979).

With strict liability it is the defendant's product, here product design, that the plaintiff seeks to impugn, whereas with negligence it is the conduct of that same defendant that the plaintiff would impugn.[2] The resolution of these issues as framed, when the instant jury charge is viewed as a whole, may be construed to require negligence to be considered as part of the strict liability issue because it fails to clarify that contributory negligence is not a defense to strict liability. Generally, error in the submission of an issue is harmless when the findings of the jury in answer to other issues are sufficient to support the judgment. *Boatland of Houston, Inc. v. Bailey*, 609 S.W.2d 743, 750 (Tex.1981). An exception exists, however, when the erroneously submitted issue confuses or misleads the jury. 609 S.W.2d at 750.

Nor can we say that the problem was solved because the answers to the negligence issues were consistent with those of the strict liability issues. The probable prejudice resulted from depriving appellant of a fair submission of her two distinct theories of recovery. We hold that the instructions as given were prejudicial to the appellant's right to have each theory of recovery clearly and separately submitted and considered by the jury. Tex.R.Civ.P. 434.

Appellant's motion for rehearing is granted. The judgment is reversed and the cause remanded.

2. *See* footnote 1.

BASKIN, Justice, dissenting.

I dissent.

The majority opinion on rehearing discusses at length the law as it relates to products liability and the law as it relates to negligence. There is no real dispute between the parties hereto regarding the substantive law relating to those two theories of action nor is there any real complaint by appellant that the trial court, in entering judgment, misapplied the law to the facts found by the jury.

The sole issue here is whether the trial court committed reversible error in declining to give appellant's requested instruction. A majority has heretofore held, and I would continue to hold, that the court did not commit reversible error by refusing to instruct the jury specifically not to consider any evidence of negligence on the part of appellant when answering the special issue inquiring whether the ladder was defectively designed.

The appellant, as plaintiff below, was, under the provisions of Tex.R.Civ.P. 277 and 279, entitled to have the controlling issues of her case submitted to the jury on special issues. The trial court did so submit the controlling issues to the jury, and appellant does not complain that the court should have submitted the case on a general charge nor does appellant complain of the special issues themselves.

Rule 277 also provides that the trial court shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict. The sufficiency of the explanations and definitions is largely within the discretion of the trial court. *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245 (Tex.1974). *DeLeon v. Otis Elevator Co.*, 610 S.W.2d 179, 181 (Tex.Civ.App.—San Antonio 1980, writ ref'd n. r. e.); *Rendon v. Texas Employers Insurance Assn.*, 599 S.W.2d 890 (Tex.Civ.App.—Amarillo 1980, writ ref'd n. r. e.). It is also held that the trial court has considerably more discretion in submitting explanatory instructions than it has in submitting spe-

cial issues. *Houston Nat'l Bank v. Biber*, 613 S.W.2d 771 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n. r. e.); *First State Bank & Trust Co. of Edinburg v. George*, 519 S.W.2d 198 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.). Special instructions are authorized only when it is necessary "to enable the jury to properly pass upon and render a verdict on such issues." *DeLeon v. Otis Elevator Co., supra.* Perhaps the court in *Brandon v. Cooper*, 591 S.W.2d 553 (Tex.Civ.App.—Amarillo 1979, writ ref'd n. r. e.) has most fully and aptly stated the law in this regard, at page 555:

> Rule 277, Texas Rules of Civil Procedure, authorizes a special instruction only when it is necessary to enable the jury to properly pass upon and render a verdict on the issues submitted. *Pittsburg Coca Cola Bottling Works v. Ponder*, 443 S.W.2d 546, 550 (Tex.1969); *Boaz v. White's Auto Stores*, 141 Tex. 366, 172 S.W.2d 481, 484 (1943). Assuming a proper request or objection, the primary criterion to be observed is that the trial court must give definitions of legal and other technical terms used in the charge. *Union Oil Co. of California v. Richard*, 536 S.W.2d 955, 958 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.). "Anything else, however interesting, or, indeed, however relevant to the case in general—which does not aid the jury in answering the issues must be excluded." (quoting G. Hodges, Special Issue Submission in Texas 25 (1959)).

The special instruction requested by appellant is not a definition of a legal or a technical term used in the charge. It was not necessary in order to enable the jury properly to pass upon and render a verdict on the special issues that were submitted to it. As pointed out in the majority opinion heretofore rendered in this case, special issue number one followed the recommended form for the broad submission of a strict liability issue based upon defective design. *See Turner v. General Motors Corp.*, 584 S.W.2d 844 (Tex.1979). The opinion went on to point out that special issue number one covered the pertinent facts of the case

and focused the attention of the jurors on one particular question, the existence of a defective design. The requested instruction would not have aided the jury in answering that one question. It therefore was not a proper instruction under Rule 277, and certainly not a necessary one, and the trial court did not abuse its discretion in denying appellant's request.

Moreover, the trial court would have erred if it had granted appellant's request so to instruct the jury. Rule 277 instructs the trial court not to advise the jury on the effect of their answers; and this court has held that it is improper under our special issue submission to advise the jury of the effect of their answers. *Magic Chef, Inc. v. Sibley*, 546 S.W.2d 851 (Tex.Civ.App.—San Antonio 1977, writ ref'd n. r. e.). The appellant asked the court below to instruct the jury as to the effect of their decision upon the negligence, if any, of the appellant upon the jury's findings on special issue number one. The trial court correctly instructed the jury, in Paragraph V of the Charge of the Court:

> You must not decide who you think should win, and then try to answer the question accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.

Finally, Rule 434 provides that no judgment shall be reversed on the ground that the trial court has committed an error of law unless the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Appellant wholly fails to meet the burden of showing that the refusal by the trial court to give the requested special instruction was calculated to and probably did cause the entry of an improper judgment. Nowhere in this appeal does appellant claim that there was insufficient evidence to support findings of the jury to the special issues submitted on defective design of the ladder or upon the answer of the jury inquiring about negligence, if any, of the various parties. Since

there is no complaint that the evidence does not sustain the jury's answers, we must assume that the answer to special issue number one, as well as the answer to special issue number three, was fully supported by the evidence in the case. Since the ladder was not defectively designed, the appellant does not show and cannot show that the refusal of the trial court to instruct the jury as to the effect of appellant's negligence, if any, probably caused the rendition of an improper verdict.

For each of the reasons given above, I dissent from the opinion of the majority on rehearing; and I would affirm the judgment of the trial court.