Harold C. MALLOY, et al., Appellants,

v.

Donald L. NEWMAN, Appellee.

No. 13589.

Court of Appeals of Texas,
Austin.

April 6, 1983.

Rehearing Denied April 27, 1983.

**156**

Harold C. Malloy, Bastrop, for appellants.

James T. Odiorne, Bastrop, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

POWERS, Justice.

Harold C. Malloy, Isabelle W. Malloy, Joseph A. Porch, Joyce G. Porch, and P–M Company appeal from a judgment of the trial court in favor of appellee, Donald L. Newman.

Appellee sued appellants for a declaration of rights and relations under his installment-sale contract with them, whereby he purchased approximately eleven acres of land in Bastrop County, Texas. Appellee also prayed that appellants be ordered to specifically perform the contract by delivering to him a deed in the form required by the contract provisions. Texas Declaratory Judgments Act, Tex.Rev.Civ.Stat.Ann. art. 2524–1 (1965).

A deed previously furnished appellee by appellants contained a provision that the land should automatically revert to them in the event appellee violated any of five prohibitions imposed upon his use of the land. These five prohibitions had been similarly imposed in the installment sale contract, but the contract had made no mention of a reversion of the land to appellants in the event any of the prohibitions were breached by appellee. Appellee prayed that appellants be required to deliver to him a deed which omitted the reversion provision. He makes no objection to the prohibitions as covenants running with the land. He also requested delivery of a title policy at appellants' expense, as required elsewhere in the installment sale contract. Appellee has fully performed the contract.

The trial court construed the contract in accordance with appellee's allegations and ordered that appellants deliver a deed and title policy to appellee within a specified period of time, omitting from the deed the reversion provision to which appellee objected. Trial was before the court without a jury. Appellants did not request findings of fact or conclusions of law and none were made.

Appellants raise only two points of error on appeal, but within those points advance several different contentions which we shall discuss serially.

Appellants contend the trial court erred in denying their motion for new trial for several reasons which we shall consider as objections to the substantive error claimed, rather than as limiting appellants to the

issue of whether a new trial was improperly denied for those reasons. Tex.R.Civ.P.Ann. 324 (Supp.1982.)

■ 1. "Appellants did not receive a fair trial and it was an abuse of discretion to deny Appellants' Motion for New Trial." We will not consider this contention because of its impermissible generality. *Ratcliff v. Sherman*, 592 S.W.2d 81, 82 (Tex. Civ.App.1979, no writ).

■ 2. "Appellant showed 'good cause' for a new trial together with a likelihood [sic] that there would be a different result from a new trial." We will not consider this contention because of its impermissible generality. *Id.*

■ 3. "Appellants relied on an agreement of settlement with Appellee to their detriment when the Agreement was breached by Appellee. Equity will not permit Appellee to benefit from his breach to Appellants' detriment." We gather from the discussion in appellants' brief, and from statements of their counsel in oral argument, that the agreement of settlement and compromise to which this aspect of their point of error pertains is an agreement allegedly made in the course of the litigation between appellants and appellee (the parties disagree as to whether the agreement was made without the knowledge of appellee's counsel). We gather as well that the references to appellee's breach of contract refer to his continuing in the litigation after the making of the agreement of settlement and compromise. We note from appellants' live pleading at the time of trial, their original answer, that they did not plead the agreement of settlement and compromise as an affirmative defense. Tex.R. Civ.P.Ann. 94 (1979). Therefore, the alleged settlement agreement was not available as a defense to appellee's claim. From other portions of appellants' argument on appeal, we find that the agreement, which was oral and not in writing, is used in another way as well; that is, as a basis for an oral request for continuance made on the day of trial and denied by the trial court. Due to appellants' reliance on the agree-

ment, they contend they were not ready for trial when it was called and therefore, "were not afforded an opportunity to present a complete defense." Texas R.Civ. P.Ann. 251 (1976) provides that "[n]o application for a continuance shall be . . . granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law," none of which are applicable to the present case. There was therefore no error or abuse of discretion in denying the motion for continuance. *Southwestern Bell Telephone Company v. Griffith*, 575 S.W.2d 92, 98 (Tex.Civ.App.1978, writ ref'd n.r.e.). Moreover, Tex.R.Civ.P.Ann. 11 (1979) provides as follows:

> No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

We overrule appellants' contention.

■ 4. "The court refused to join indispensable parties in violation of Rule 39, TRCP." Under this contention, appellants argue that neighboring land owners had the same or similar restrictions in their deeds or contracts (the lands in question were not within a recorded subdivision) and the "failure of the court to join other necessary [sic] parties in the case would not completely dispose of the issue and might well have subjected appellants to multiple law suits, since the other land owners would have been prejudiced by a judgment relating solely to appellee's deed." Appellants also cite Section 11 of the Declaratory Judgments Act which requires that "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." The non-party land owners would not have been affected by a declaration of rights and relations between appellants and appellee, as set forth in their contract. *Lede v. Aycock*, 630 S.W.2d 669, 672 (Tex.App.1981, no writ). Texas R.Civ. P.Ann. 39 (1979) does not prescribe rules for joinder but rather provides a basis for determining whether the action should pro-

**158**

ceed in the absence of the persons described; and the discretion allowed the trial court in that respect is not inconsistent with Section 11 of art. 2524.1. *Clear Lake City Water Authority v. Clear Lake Utilities Co.,* 549 S.W.2d 385, 389–90 (Tex.1977). It was appellants' burden under Rule 39 to show that the absent land owners, to whom they attributed the characteristics described in subsection (a) of the Rule, could not be made parties to the action. Absent this showing, they were not entitled to the judgment of dismissal for which they prayed. If appellants' pleadings be construed as a request for joinder of the absent land owners, the record reflects that appellants failed to urge their request until the day of trial, a point too late in the litigation, Tex. R.Civ.P.Ann. 37 (1979), and made no attempt to make those persons parties.

We overrule appellants' first point of error.

■ Appellants' second point of error sets forth several contentions revolving around a general theme that the trial court erred in awarding judgment of specific performance to appellee because the deed delivered to him, containing the reversion provision, had the legal effect of merging therein all the material obligations imposed upon appellants by the antecedent contract. Among appellants' contentions under this point are assertions that appellee failed to prove that he did not accept the deed containing the reversion; and, moreover, "the preponderance of the evidence was to the effect that" appellee accepted the deed by remaining in possession of the property after receiving the deed, although he did not record it. We will assume that appellee had the burden of proving that no transfer of title had occurred because the executed deed was not delivered. We will imply by virtue of the trial court's judgment a finding of fact that appellee did not accept the deed.

The statement of facts reveals that the only witness was appellee and the only documentary evidence introduced was the deed and the contract, the latter being an installment-sale contract containing a provision wherein appellants agreed, upon payment of the purchase price, to deliver to appellee "a General Warranty Deed, duly signed and acknowledged, and an Owner's Title Policy, ... subject only to easements, reservations of record, and restrictions of this contract."

With respect to the issue of appellee's acceptance of the deed, appellee testified to the following facts: he was in the United States Air Force; he had asked that the present suit be filed because he received a deed which, unlike the purchase contract, contained the reversion clause; he objected to the deed because of the reversion provision; his objection did not extend to the deed restrictions; he and his father had "exercised domain and dominion over the land, ... and done some work out there"; and he was aware of a conversation between one of the appellants, who is attorney for appellants in the present cause, and appellee's father, which conversation occurred "shortly after" the deed was furnished *to the father* by appellants. He was then asked by appellants' counsel: "Are you aware that [the father] stated to me that the restrictions were unacceptable?" Appellee replied by stating that he knew of the conversation but did not know what was said; however, he did know that his father "went out to object to the reverter clause and ask that it be pulled from the deed," referring to an action of the father taken "shortly after" the deed was given to him by appellants' counsel. Moreover, appellants' counsel stated in open court that appellants had "tendered to him [appellee] a deed which he has refused to record." We therefore find from such testimony and stipulations that the trial court could find from sufficient evidence that appellee had not accepted the deed tendered by appellants, assuming, as appellants contend, that appellee had the burden of proof in that respect. Appellants' second point of error is overruled.

■ Finally, we must hold any of the errors of which appellants complain on appeal to be harmless, if error there was.

The deed purports to grant fee simple title but then contains the following provision at the end of the instrument:

The further *covenant,* consideration and *condition* [sic] is that the following restrictions shall in all things be observed, followed and complied with:

> [There follow five enumerated prohibitions: no multiple-family dwellings shall be constructed on the property; the property may not be subdivided without the consent of at least 75 percent of the owners of other tracts in "Bastrop Woods," evidently an unrecorded subdivision; no nuisance or offensive activities may be conducted on the property, nor anything which may become "an annoyance . . . to the neighborhood"; no temporary structures may be placed on the property; and the surface of the property may not be altered in any way that results in a diversion of additional water to adjoining properties.]

These restrictions and conditions shall be binding upon grantees, their heirs, legal representatives and assigns for a period of time beginning on the date hereof until and including December 31, 2000, and in case of any violation thereof the title to said premises shall, without entry or suit, immediately revert to and vest in the grantors herein, their heirs and assigns, and the conveyance hereunder shall be null and void, . . .

We find the deed doubtful as to whether the five prohibitions imposed therein upon the use of the property constitute covenants running with the land or conditional limitations upon the estate granted by the deed. The provision for automatic reversion of the estate, without necessity of re-entry, is of course indicative of a conditional limitation. Nevertheless, the initial portion of that part of the deed quoted above refers to the five prohibitions as constituting a covenant and a condition. Moreover, it is doubtful that a limitation was intended because there is no manner in which the owners of Bastrop Woods subdivision may be identified to obtain their consent to any subdivision of appellee's property because the parties stipulated in oral argument that Bastrop Woods is not a recorded subdivision and, moreover, the deed itself contains no identification whatever of what "Bastrop Woods" is, the property conveyed having been described therein by metes and bounds and by reference to previous conveyances of the same property. Although such indefinite provisions may be enforced by persons affected by a violation of the prohibitions (*see generally* Annot., Comment Note.—Who May Enforce Restrictive Covenant or Agreement as to Use of Real Property, 51 A.L.R.3d 556 (1973)), they may not be effectuated through an automatic reversion.

> Conditions subsequent are not favored by the courts, and the promise or obligation of the grantee will be construed as a covenant unless an intention to create a conditional estate is clearly and *unequivocally* revealed by the language of the instrument. In cases where the intention is doubtful, the stipulation is treated as a covenant rather than a condition subsequent with the right to defeat the conveyance.

*Hearne v. Bradshaw,* 158 Tex. 453, 312 S.W.2d 948, 951 (Tex.1958) (emphasis added). Accordingly, we hold the deed to be ambiguous as to whether a covenant or a conditional estate was intended to be created; and, where appellee paid the full consideration required under the installment sale contract, the resulting construction to be placed upon the deed is that only a covenant was intended as to the prohibited uses of the land. The judgment of the trial court requires that appellants deliver to appellee a deed containing the restrictive covenants, but without the reversion provision, which will have the same legal effect as the deed actually tendered to appellee would have had. Therefore, any error was harmless.

Finding no error, we affirm the judgment of the trial court.