**Jack EVANS et ux., Petitioner,**

v.

**J. STILES, INC., Respondent.**

**No. C–3733.**

Supreme Court of Texas.

March 27, 1985.

Rehearing Denied May 29, 1985.

Strasburger & Price, Royal H. Brin, Jr., Boyd Waggoner, Dallas, for petitioner.

Wesner, Coke, Boyd & Clymer, C. Thomas Wesner, Jr., Dallas, for respondent.

ON APPLICATION FOR WRIT
OF ERROR

PER CURIAM.

Jack and Mary Kay Evans bought a new home from J. Stiles, Inc. The Evanses sued Stiles for breach of implied warranties and to recover for damages arising from the use of faulty brick on the home. The charge to the jury included two special

---

issues on implied warranties. In response to Special Issue No. 1, the jury found that the house was not constructed in a good workmanlike manner. In response to Special Issue No. 3, the jury refused to find that the house was "not suitable for human habitation." The trial court rendered judgment for the Evanses. Holding that there could be no breach of implied warranty absent a finding of uninhabitability, the court of appeals [1] reversed the judgment of the trial court and rendered a take-nothing judgment against the Evanses. 683 S.W.2d 481. We reverse the judgment of the court of appeals and affirm that of the trial court.

In *Humber v. Morton*, 426 S.W.2d 554 (Tex.1968), this Court held that a builder/vendor impliedly warrants that a building constructed for residential use is constructed in a good workmanlike manner and is suitable for human habitation. *Gupta v. Ritter Homes, Inc.*, 646 S.W.2d 168, 169 (Tex.1983); *G–W–L, Inc. v. Robichaux*, 643 S.W.2d 392, 393 (Tex.1982). The court of appeals held, as a matter of law, that Stiles had not breached the *Humber* implied warranty because the jury refused to find uninhabitability. In effect, the court of appeals held that there can be a breach of the *Humber* implied warranty only if a house is found to be uninhabitable. Thereby, the court of appeals rendered meaningless the language in *Humber* referring to construction in a "good workmanlike manner."

■ In *Humber*, *Gupta* and *Robichaux*, this Court plainly stated that the builder/vendor warrants both workmanship "and" habitability. If we had intended that the warranty extend only to habitability, we would not have used the word "and." Moreover, as support for our position in *Humber*, this Court cited with approval the following language from *Moore v. Werner*, 418 S.W.2d 918 (Tex.Civ.App.—Houston [14th Dist.] 1967, no writ):

It was the seller's duty to perform the work in a good and workmanlike manner

and to furnish adequate materials, and failing to do so, we believe the rule of implied warranty of fitness applies.

*Humber*, 426 S.W.2d at 561. The *Werner* case involved a house with defects in the patio and driveway; such defects could not have rendered the house uninhabitable.

■ The implied warranty of construction in a good workmanlike manner is independent of the implied warranty of habitability; therefore the trial court properly rendered judgment for the Evanses based upon the jury's finding that the house was not constructed in a good workmanlike manner. Therefore, having determined that the court of appeals' decision conflicts with *Humber*, we grant the application for writ of error, and without hearing oral argument, reverse the judgment of the court of appeals and affirm that of the trial court. Tex.R.Civ.P. 483.

---

**1.** The court of appeals heard the case en banc. Six justices joined in a plurality opinion, one justice concurred in the result only, and six justices dissented.