William COCKE, d/b/a Fiesta Homes, Appellant,

v.

Harvey WHITE and Brenda White, Appellees.

No. 13–84–284–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 30, 1985.

Rehearing Denied Sept. 26, 1985.

740

Lee Mahoney, Kenneth Hannam, Corpus Christi, for appellant.

John A. Sixta, Jr., Corpus Christi, for appellees.

Before KENNEDY, UTTER and SEERDEN, JJ. ·

## OPINION

KENNEDY, Justice.

This is a suit under the Texas Deceptive Trade Practices Act wherein appellees sued appellant for defects in the home appellees purchased from appellant. The jury returned the verdict in favor of appellees. Damages were trebled pursuant to the 1977 version of this law. We affirm.

The facts of this case are essentially undisputed. On or about August 22, 1979, appellees and appellant executed an Earnest Money Contract for the purchase of a home which at that time was under construction. At the time of the execution of the Earnest Money Contract, the structure and exterior of the home were complete. The interior finishing was in progress. After the Earnest Money Contract was executed, the construction of the home continued. Appellees prepared a list of items needing correction or completion, but the list did not include the defects complained of in this case. Several inspections were made by the appellees. The listed corrections were not complete at the time of closing, October 26, 1979. On that date, appellees and appellant agreed to place $1,500.00 of the purchase price into an escrow account to pay for the remaining items to be corrected. Subsequent to the closing of the house, work continued on the items needing repair. Later, the appellees discovered several additional defects (the fireplace, roof, rearyard drainage and the improper placement of a rear wall baseplate) which caused leaks, water pooling and water damage to the house.

This lawsuit was filed in 1982. While this suit was pending, the parties entered into a settlement and compromise agreement during May of 1983. Under the terms of this agreement, appellant was to pay the expenses of litigation and to deposit a letter of credit in the amount $30,000.00 to secure the payment of the repairs. The letter of credit was valid for a period of ninety days from the date of issue. An architect was named to act as an arbitrator and to determine how the defects were to be repaired. That architect refused to serve. A lengthy discussion then ensued between the attorneys regarding the selection of an alternate architect. Apparently, there were communication difficulties between the parties and the architect who was ultimately selected. By the time an agreement was reached, the letter of credit had expired. Despite a number of requests, appellant did not renew the letter of credit, and no work could proceed.

The case was set for trial in February of 1984. At that time, appellant amended his pleadings. In those pleadings, which were the same pleadings upon which trial was had in this cause, the defense of compromise and settlement was not raised.

The case was again set for trial on May 21, 1984, and, at that time, the appellant orally urged the court to abate or to bar the case from going to trial on the grounds that the compromise and settlement agreement barred a trial. This plea in abatement was denied by the trial court, and the case went to trial before a jury. After appellees rested, appellant submitted a trial amendment raising the defense of compromise and settlement which was denied by the trial court. The jury returned a verdict in favor of appellees on the issues of im-

plied warranty and on damages in the amount of $36,710.00. The trial court determined that this cause was governed by the Deceptive Trade Practices Act, TEX. BUS. & COM.CODE ANN. § 17.50, as in effect between May 23, 1977 and August 27, 1979, and therefore entered a judgment trebling the actual damages found by the jury as a matter of law and also awarding attorney's fees. From this judgment, appellant brings ten points of error.

■ By his first through third points of error, appellant complains of the trial court's action in refusing to permit appellant to raise the compromise and settlement agreement as a bar to the lawsuit by plea in abatement. We will assume without deciding that the settlement complied with TEX.R.CIV.P. 11 and is binding upon the parties. *See Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951). However, such compromise and settlement agreement is an affirmative defense and, as such, must be affirmatively set forth in the pleadings. *Burnaman v. Heaton*, 240 S.W.2d at 291; *Malloy v. Newman*, 649 S.W.2d 155 (Tex.App.—Austin 1983, no writ); TEX.R.CIV.P. 94. Appellant's first through third points of error are overruled.

Appellant, by his fourth and fifth points of error, complains of the trial court's action in refusing to allow the defendant leave to file his first trial amendment alleging the affirmative defense of compromise and settlement because there was no showing of surprise or prejudice to the plaintiff and in refusing to allow appellant to put on evidence of the compromise and settlement agreement during the trial.

After appellees had rested, appellant filed a motion for leave to file a trial amendment. Trial amendments are governed by TEX.R.CIV.P. 66, which reads in pertinent part:

> [I]f during the trial, any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and

the objecting party fails to satisfy the court that the allowance of such an amendment would prejudice him in maintaining his action or defense upon the merits. The court may grant a postponement to enable the objecting party to meet such evidence.

■ A trial amendment may be filed only by leave of court, and the request for leave to file is addressed to the trial court's discretion; the trial court's ruling is reversible only by a showing of abuse of discretion. *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760, 763 (1942); *Wendell v. Central Power and Light Company*, 677 S.W.2d 610 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). The trial court held an extensive hearing at the time the trial amendment was offered. It is apparent from the record that the parties were aware of the compromise and settlement agreement since May of 1983. This is an entire year before the trial date of May 1984. In addition, it is clear that the attorney for the appellee made a showing that the allowance of the amendment would prejudice him in maintaining his action upon the merits. Such prejudice was shown by the attorney's indication that he would have deposed Mr. Cocke, an unnamed officer of the bank, Mr. Zahn, and other persons. Attorney for appellees also asserted that he would have requested interrogatories and admissions and would have otherwise prepared to meet this defense of settlement. He asserted "[w]e are completely unprepared to rebut anything they may have to say about this." Attorney for appellees also pointed out that it would be impossible to subpoena the bank officer at this time and that it would be difficult to obtain the presence of Mr. Zahn. We believe that this is an adequate demonstration of prejudice, especially in light of the showing of absence of diligence on the part of appellant. The trial court does not err in denying permission to file a trial amendment when the record shows lack of diligence. *Sanchez v. Matthews*, 636 S.W.2d 455 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.). In addition, the right to amend defective

pleadings extends to curing a defect but does not authorize the pleading of new and independent matters. *Coffey v. Fort Worth and Denver Railway Co.*, 285 S.W.2d 453 (Tex.Civ.App.—Eastland 1956, no writ). Because of the extensive delay which would have been required for appellees to meet this new matter, we find that the trial court did not abuse his discretion in denying their trial amendment. Appellant's fourth point of error is overruled.

■ In the absence of this trial amendment, there is no pleading upon which to base the admission of the evidence regarding the compromise and settlement agreement. It is not proper to admit evidence unless such evidence is addressed to or bears upon some issue raised by the pleading. *Erisman v. Thompson*, 140 Tex. 361, 167 S.W.2d 731 (1943); *Nichols v. William A. Taylor, Inc.*, 662 S.W.2d 396 (Tex.App. —Corpus Christi 1983, no writ); *Gunnells Sand Company v. Wilhite*, 389 S.W.2d 596 (Tex.Civ.App.—Waco, 1965 writ ref'd n.r. e.). Appellant's fifth point of error is overruled.

Appellant, by his sixth and seventh points of error, complains that the trial court erred in ruling that the pre-1979 amendments to the Texas Deceptive Trade Practices Act applied and trebling the damages found by the jury as a matter of law.

Appellant argues that appellees tried the case on the theory that appellant breached the implied warranty of good workmanship. Appellant further argues "[u]ntil the construction of the house was completed, there could be no such implied warranty in favor of the Whites because Cocke was at liberty to change, repair, replace, redesign and complete the construction as he chose so that, when the closing took place and the possession of the house was given over to the Whites, he would be prepared to have the Whites (and himself) rely upon such implied warranty so that any latent defects discovered subsequent to the closing and taking of the possession by the Whites would, if appropriate, constitute

breaches of such implied warranty." The gravaman of appellant's argument is that the warranty of habitability can only arise at the time of closing and transfer of possession. We disagree.

■ The applicable version of the DTPA is the one in effect on the date of the acts which give rise to the cause of the action under the DTPA. *McAllen State Bank v. Linbeck Construction Corp.*, 695 S.W.2d 10 (Tex.Civ.App.—Corpus Christi, 1985, writ ref'd n.r.e.); *See also La Sara Grain Company v. First National Bank of Mercedes*, 673 S.W.2d 558 (Tex.1984). The 1979 version of the Deceptive Trade Practices Act specifically states: "This act shall be applied prospectively only. Nothing in this act affects either procedurally or substantively a cause of action that arose in whole or *in part* prior to the effective date of this act." Act of June 13, 1979, ch. 603, § 9, 1979 Tex.Gen.Laws 1332 (Emphasis added). The act which gives rise to the cause of action for breach of warranty is *the breach of the warranty. See La Sara Grain Company v. First National Bank* at 565; *McAllen State Bank v. Linbeck Construction.*

■ This case was brought under the implied warranty that a dwelling should be constructed in a good and workmanlike manner. This warranty was added to the common law of Texas in *Humber v. Morton*, 426 S.W.2d 554 (Tex.1968). The elements that a plaintiff must prove are (1) the implied warranty of good workmanship, (2) the breach thereof and (3) that such breach was the proximate cause of the plaintiff's damages. *Young v. DeGuerin*, 591 S.W.2d 296 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). The Supreme Court specifically stated that this warranty arises from the sale and does not spring from a conveyance.[1] *Humber* at 556.

■ It is clear from the record that the defects complained of, that is, the roof, the fireplace, the baseplate of the rear wall and

---

1. The sale occurs at the time the contract for sale (Earnest Money Contract) is entered into.

*Lefevere v. Sears*, 629 S.W.2d 768 (Tex.App.—El Paso 1981, no writ).

the drainage problem in the back yard were in place at the time that the Earnest Money Contract was signed.[2] Since the warranty arose from the Earnest Money Contract and the defects complained of were completed and never altered thereafter, the breach of the warranty occured at the time that it was given. We therefore find that part of the cause of action of appellees arose prior to the 1979 amendment and therefore find that the trial court was correct in applying the 1977 version of the statute and trebling the damage as a matter of law. Appellant's sixth and seventh grounds of error are overruled.

■ Appellant, by his eighth point of error, complained that the trial court erred in failing to submit definitions of "warranty," "implied warranty," the "implied warranty of workmanlike manner and suitable for habitation," "mitigation" and "knowingly" in its charge to the jury. We have examined the charge to the jury, and we find that these terms were not used in the issues submitted to the jury, and, therefore, the trial court properly excluded any definition of these terms. *Brandon v. Cooper*, 591 S.W.2d 553 (Tex.Civ.App.— Amarillo 1979, writ ref'd n.r.e.) Appellant's eighth point of error is overruled.

■ Appellant, by his ninth point of error, complains that the trial court erred in the submission of Special Issue No. 1 of its charge because such special issue failed to instruct or define "implied warranty of construction in a good workmanlike manner and suitable for human habitation" in connection with Special Issue No. 1, and such issue submitted to the jury failed to include the term "suitable for human hab-

itation." As noted above, in Point of Error No. 8, the term "implied warranty of construction and a good workmanlike manner and suitable for human habitation" was not used in the charge to the jury. Rather, Special Issue No. 1 read:

Do you find from a preponderance of the evidence that the house which is the subject of this suit was constructed in a good and workmanlike manner?

We therefore find that no definition need by submitted.[3] *Brandon v. Cooper* at 555. In addition, appellant complains that Special Issue No. 1 should have included the phrase "and suitable for human habitation." However, the Supreme Court in the recent case of *Evans v. Stiles*, 689 S.W.2d 399 (1985) (on application for writ of error) held that "The implied warranty of construction in a good and workmanlike manner is independent of the implied warranty of habitability...." Therefore, we find no error in the trial court's submission of Special Issue No. 1. Appellant's ninth point of error is overruled.

■ Appellant, by his tenth point of error, complains that the trial court erred in its submission of Special Issue No. 4 of its charge because it failed to include an instruction on mitigation of damages. We find that the trial court properly excluded an instruction on mitigation of damages because the defendant claiming mitigation of damages has the burden not only to prove lack of diligence on the part of the plaintiff but also to prove the amount by which the damages were increased by such failure to mitigate damages. *R.A. Corbett Transport, Inc. v. Oden*, 678 S.W.2d 172 (Tex.App.—Tyler 1984, no writ); *United*

---

**2.** This case is distinguishable from the recent case decided by this Court, *McAllen State Bank v. Linbeck Construction Corp.*, No. 84–085, 695 S.W.2d 10 (Tex.Civ.App.—Corpus Christi, 1985, writ ref'd n.r.e.) wherein we held that a cause of action arose under the 1977 amendment because, although the contract was written before the 1977 law was in effect, the contruction work, which was the basis of the cause of action in that case, was performed subsequent to the effective date of the 1977 amendment and prior to the 1979 amendment.

**3.** It should be pointed out that this term, "constructed in a good and workmanlike manner," is different from the term addressed in the eighth point of error, "implied warranty of workmanlike manner and suitable for human habitation," in that the latter addresses the warranty and the former only requires that the jury apply the standard provided by the expert witnesses.

*Furniture and Appliance Co. v. Johnson,* 456 S.W.2d 455 (Tex.Civ.App.—Tyler 1970, no writ). Appellant presented no evidence of the amount by which damage would have been decreased had appellees taken the steps suggested by appellant. Appellant's tenth point of error is overruled.

The judgment of the trial court is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

In his motion for rehearing, appellant complains that the pre-1979 Amendments to the Texas Deceptive Trade Practices Act do not apply and therefore it was error to treble the damages in this case. Appellee did not discover the defects in the house until after the effective date of the 1979 amendments.

 Although appellant correctly states the rule derived from *Jim Walter Homes, Inc. v. Castillo,* 616 S.W.2d 630 (Tex.Civ. App.—Corpus Christi 1981, no writ), it must be viewed in the proper context. It is true that before a plaintiff discovers the house was not built in a good, substantial, and workmanlike manner he has no cause of action. 616 S.W.2d at 633. However, *Cocke* involved whether the cause of action was barred by the statute of limitations. The time period for limitation begins to run when the damages actually began to show on the completed house. 616 S.W.2d at 634.

The case at hand does not involve the statute of limitations, but rather which version of the DTPA controls. Therefore, it is necessary to take notice of the savings clause included in the 1979 amendment which provides:

"This act shall be applied prospectively only. Nothing in this Act affects either procedurally or substantively a cause of action that arose *either in whole or in part* prior to the effective date of this Act." (emphasis added).

Act of June 13, 1979, 66th Leg., p. 1327, ch. 603, Sec. 9, Tex.Gen.Laws 1332, eff. August 27, 1979. *McAllen State Bank v.* *Linbeck Construction Corp.,* 695 S.W.2d 10 (Tex.App.—Corpus Christi, 1985, writ ref'd n.r.e.).

 The implied warranty arises from the sale, which occurred on August 22, 1979. *Humber v. Morton,* 426 S.W.2d 554 (Tex.1968). Therefore, although the cause of action did not accrue until after the effective date of the 1979 amendment, a part of the cause of action did arise prior to the effective date.

Appellant's motion for rehearing is overruled.