Brown v. Garrett 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-213-CV





GEORGE BROWN,



 APPELLANT


vs.





DR. BERT GARRETT, INDIVIDUALLY, AND


LA GRANGE FAMILY PRACTICE CLINIC., P.A.,


 APPELLEES



 




FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT,


NO. 89-1257, HONORABLE OLIVER S. KITZMAN, JUDGE



 




PER CURIAM

 Appellant George Brown sued appellees Dr. Bert Garrett and Garrett's clinic, the
La Grange Family Practice Clinic, P.A., for negligence in performing a blood-alcohol test without
Brown's consent and informing Brown's employer of the results of that test. Brown appeals the
trial court's take-nothing judgment in five points of error alleging that the court erred in:  (1)
presenting the jury charge to the attorneys; (2) including in the charge an instruction on
intoxication; (3) not submitting in the charge a question on the conduct of the clinic; (4) violating
a motion in limine by including in the charge an instruction on intoxication; and (5) failing to
grant judgment notwithstanding the verdict and [sic] a motion for new trial. We will affirm.

 Brown was a truck driver for Frostex Foods. While driving from Austin to
Beaumont in 1987, Brown became ill between Austin and La Grange and admitted himself to the
Fayette Memorial Hospital emergency room. Brown was examined by Dr. Garrett, the
emergency physician on call. Brown called his supervisor, Willie Alexander, to report his illness,
and Alexander asked to speak with Dr. Garrett. Alexander and Garrett discussed Brown's
condition and the possible involvement of alcohol. (1) Alexander told Garrett to perform a blood-alcohol test on Brown without Brown's knowledge. The test showed that Brown had a blood-alcohol level of 0.15, and Garrett diagnosed Brown as being intoxicated. Frostex fired Brown
shortly thereafter. Brown sued, claiming a violation of the physician-patient communication
privilege. See Medical Practice Act, Tex. Rev. Civ. Stat. Ann. art. 4495b, § 5.08 (Supp. 1991).

 In his first point of error, Brown alleges the trial court erred in the manner in
which the jury charge was presented to the attorneys because the attorneys were not given a
reasonable time in which to examine the charge and present objections to it outside the presence
of the jury. See Tex. R. Civ. P. Ann. 272 (Supp. 1991). Brown, however, both failed to object
to the court's action and failed to indicate in the record how long he was given to review the
charge. Nothing has been preserved for appellate review, and point of error one is overruled. 
Tex. R. App. P. Ann. 52(a) (Supp. 1991).

 In point of error two, Brown alleges the trial court erred in including an instruction
in the charge on intoxication. (2) The objection by Brown's attorney consisted of her saying, "I
again object to the instruction as to intoxication. I feel that it is prejudicial since there is no
question going to the jury on intoxication."

 The general rule is that the trial court has considerable discretion in deciding what
definitions and instructions are necessary and proper in submitting questions to the jury, and the
standard of review is that of abuse of discretion. Green Tree Acceptance, Inc. v. Combs, 745
S.W.2d 87, 89 (Tex. App. 1988, writ denied); Tex. R. Civ. P. Ann. 277 (Supp. 1991). The
second question submitted in the charge was, "Was Dr. Garrett's disclosure to Frostex Foods
negligence?" The issue of intoxication was relevant to question two because Brown repeatedly
denied that he was intoxicated, thus suggesting that Garrett misdiagnosed him. We cannot say
that the trial court abused its discretion in submitting the instruction. Point of error two is
overruled.

 In point of error three, Brown alleges the trial court erred in not submitting a
question in the charge on the conduct of the clinic. The record does not reflect that Brown
requested in writing a question on the conduct of the clinic, so the point has been waived. See
Tex. R. Civ. P. Ann. 278, 279 (Supp. 1991). Point of error three is overruled.

 In point of error four, Brown alleges the trial court erred in violating a motion in
limine by including intoxication in the charge. Even assuming that the trial court could violate
its own motion in limine, Brown failed to object to the charge on this ground, and the point is
waived. Tex. R. App. P. Ann. 52(a) (Supp. 1991). Point of error four is overruled.

 Finally, in point of error five Brown alleges the trial court should have rendered
judgment notwithstanding the verdict and [sic] granted a motion for new trial because Garrett and
the clinic allegedly violated the confidentiality of a physician-patient communication as described
by the Medical Practice Act. (3) Tex. Rev. Civ. Stat. Ann. art. 4495b, § 5.08 (Supp. 1991). Brown
fails to give any specific reason why the trial court erred in either failing to render judgment
notwithstanding the verdict or failing to grant a motion for new trial. We have no doubt that
Brown is dissatisfied with the result of his lawsuit, but we must be presented with specific
allegations of error instead of vague generalities. See Malloy v. Newman, 649 S.W.2d 155, 157
(Tex. App. 1983, no writ). Point of error five is overruled. 

 The judgment of the trial court is affirmed.


[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: August 28, 1991

[Do Not Publish]
1. Brown signed a consent form containing the following language:


 The undersigned Authorizes and Grants Permission to the Hospital and the
Medical Staff to Perform Such Medical and/or Surgical Procedures They Deem
Necessary and to Release Information Contained in this Report to the
Attending/Company Physician and/or Insurance Co. and Agrees to be
Responsible for All Expenses Incurred.


 Dr. Garrett later wrote Brown's attorney concerning the consent form and said, "You
might be able to argue that Mr. Brown was so drunk that he did not know what he was
signing, but then he shouldn't have been on the road in the first place, should he?"
2. The instruction is "'Intoxication' means having an alcohol concentration of 0.10% or
more in the blood."
3. We assume Brown intended to say the trial court should have rendered judgment
notwithstanding the verdict or granted a motion for new trial.