**In the Interest of S.P.H., a Minor Child.**

**No. 09 87 023 CV.**

Court of Appeals of Texas, Beaumont.

Oct. 15, 1987.

Bill Beggs, Law Offices of Raymond M. Brassard, Beaumont, for appellant.

Pierre Landry, Asst. Atty. Gen., Beaumont (on appeal only), for appellee.

OPINION

DIES, Chief Justice.

The mother of the minor S.P.H. brought suit against the alleged father. She is represented by the Attorney General's office pursuant to the Texas Human Resources Code, Chapter 76, and the Texas Family Code, Chapter 13. She seeks to establish M.R.H. as the biological father of the child.

Trial was to a jury which answered "we do" to the single issue: "Do you find ... that M.R.H. is the father of S.P.H., a child?"

Following the jury trial, the court entered a decree declaring that M.R.H. was the child's biological father, awarding child support, repayment for necessities to the State of Texas, and other relief, from which the alleged father brings this appeal.

Point of error number one has four parts. Since we have determined this cause must be remanded for a new trial and it is unlikely these objections (except the ones on which we write) will again come up, we address only the first part. That part is the error of the court in admitting the testimony of an expert witness who was not presented at the pre-trial hearing held by the trial court.

Chapter 13 of the Texas Family Code details the proceeding for the Determination of Paternity. "Evidence at Trial," *TEX.FAM.CODE sec. 13.06* (Vernon 1986), follows:

"(a) Unless otherwise permitted by the court on a showing of good cause, a party may call to testify on the results of the blood tests only those experts who testified at the pretrial conference.

"(b) A witness called by a party at the trial is that party's witness.

"(c) If the blood tests show the possibility of the alleged father's paternity, the court may admit this evidence if offered at the trial.

"(d) Evidence of a refusal by the respondent to submit to a blood test is admissible to show only that the alleged father is not precluded from being the father of the child."

The problem in the case at bar is while the court conducted a pre-trial hearing, no expert testified or, for that matter, was even mentioned. Most of the hearing consisted of colloquy between the court and the attorneys concerning motions in limine. Nor was there any showing of "good cause" for failure to do so. This statute is quite precise and clear; we sustain this point of error.

The second point of error is unlikely to be repeated on a retrial of this case, and it is overruled.

Points of error numbers three through nine all complain of instructions requested by the alleged father (Appellant) but refused by the court.

Like instructions were considered by this court in *Union Oil Co. of California v. Richard*, 536 S.W.2d 955, 957–58 (Tex.Civ. App.—Beaumont 1975, writ ref'd n.r.e.). We repeat what we there said:

"The only function of an explanatory instruction in the charge is to aid and assist the jury in answering issues submitted. [citing authorities] The only requirement to be observed is that the trial court must give definitions of legal and other technical terms. *'Anything else, however interesting, or, indeed, however relevant to the case in general—*

*which does not aid the jury in answering the issues must be excluded.'* [citing authority] (Emphasis supplied.)"

This case is reversed and remanded for a new trial.

Reversed and Remanded.