**Mrs. Aurelia DeLEON et al., Appellants,**

v.

**OTIS ELEVATOR COMPANY et al., Appellees.**

**No. 16473.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 5, 1980.

Rehearing Denied Dec. 31, 1980.

. Vick Putman, Putman & Putman, Steven D. Browne, Clemens, Spencer, Welmaker & Finck, San Antonio, James W. Patterson, Patterson & Patterson, Houston, for appellants.

Jerry A. Gibson, Plunket, Gibson & Allen, Ray A. Weed, Thomas H. Crofts, Steven C. Laird, Groce, Locke & Hebdon, San Antonio, for appellees.

## OPINION

MURRAY, Justice.

Mrs. Aurelia DeLeon brought this suit for damages against Otis Elevator Company (Otis) and Nix Professional Building Corporation (Nix) alleging that while riding as a passenger in an automatic elevator in the Nix Building, the elevator descended very rapidly, making strange noises and what she describes as a sudden stop, causing her to be thrown to the floor and sustaining personal injuries. Texas Employers Insurance Association intervened seeking to recover workers' compensation benefits that it had previously paid to Mrs. DeLeon. The court submitted the case to the jury on ten special issues. In summary, the jury refused to find negligence or defective design on the part of Otis and refused to find that Nix failed to use a high degree of care.[1] The trial court entered a judgment on the verdict and Mrs. DeLeon has perfected an appeal to this Court.

The elevator in which Mrs. DeLeon was riding was manufactured, sold and installed by Otis in the Nix Professional Building, which is an office building in the city of San Antonio. Otis contracted with Nix for the exclusive responsibility of the maintenance and mechanical operation of the elevators in the Nix Building. This contract is similar in all material respects to the contract set out in *Bond v. Otis Elevator Company*, 388 S.W.2d 681 (Tex.1965) and will not be repeated here. Mrs. DeLeon pled the doctrine of *res ipsa loquitur* and alleged specific acts of negligence against both Otis and Nix. In addition, she pled that the elevator was defectively designed and manufactured by Otis in that it allowed rats and other foreign objects to become entangled in the mechanism of said elevator which rendered the elevator inoperative and forced it into an unscheduled and violent stop.

The points of error alleged by Mrs. DeLeon may be summarized as follows: The court erred (1) in refusing to submit an instruction on non-delegable duty on the part of Nix and in refusing to charge Otis with a high degree of care in special issue no. 1; (2) in giving an instruction on unavoidable accident; (3) in refusing to submit

1. *Special Issue No. 1:*
   Do you find from a preponderance of the evidence that the manner of the stop of the elevator on the occasion in question was due to the negligence of Otis Elevator Company, its agents, servants, or employees?
   'NEGLIGENCE' means failure to use ordinary care; that is to say, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.
   'ORDINARY CARE' means that degree of care which would be used by a person of ordinary prudence under the same or similar circumstances.
   Answer 'We do' or 'We do not.'
   We, the Jury, answer: We do not.
   *Special Issue No. 3:*
   Do you find from a preponderance of the evidence that the manner of the stop of the elevator on the occasion in question was due to the negligence of Nix Professional Building, its agents, servants, or employees?
   'NEGLIGENCE,' as used in Issue No. 3, means failure to use a high degree of care;

that is to say, failure to do that which a very cautious, competent, and prudent person would have done under the same or similar circumstances, or doing that which a very cautious, competent, and prudent person would not have done under the same or similar circumstances.
   'HIGH DEGREE OF CARE' means that degree of care which would have been used by a very cautious, competent, and prudent person under the same or similar circumstances.
   Answer 'We do' or 'We do not.'
   We, the Jury, answer: *We do not.*
   *Special Issue No. 6:*
   Do you find from a preponderance of the evidence that at the time the elevator was manufactured by Otis Elevator Company the elevator was defectively designed?
   By the term 'DEFECTIVELY DESIGNED' as used in this issue is meant a product that is unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use.
   Answer 'We do' or 'We do not.'
   We, the Jury, answer: *We do not.*

an explanatory instruction on circumstantial evidence; (4) in excluding from evidence a photograph showing the pit of the elevator shaft; and (5) the evidence is factually insufficient to support the jury's answers to issue numbers 1, 3 and 6, and that the evidence conclusively establishes an affirmative answer to issue numbers 1, 3 and 6.

■ Mrs. DeLeon's first point contends that the trial court committed reversible error in refusing to give an explanatory instruction on non-delegable duty on the part of Nix. Rule 277, of Texas Rules of Civil Procedure, states: "In submitting the case, the courts shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict ...." This rule gives the trial court considerable discretion in submitting explanatory instructions and definitions. *Mobil Chemical Company v. Bell*, 517 S.W.2d 245 (Tex.1974). Special instructions are authorized only when it is necessary "to enable the jury to properly pass upon and render a verdict on such issues." *Boaz v. White's Auto Stores*, 141 Tex. 366, 172 S.W.2d 481 (1943). *See also Pittsburg Coca-Cola Bottling Works of Pittsburg v. Ponder*, 443 S.W.2d 546 (Tex.1969) (instruction on legal theory of strict liability in exploding bottle case); *Levermann v. Cartall*, 393 S.W.2d 931 (Tex.Civ.App.—San Antonio 1965, writ ref'd n. r. e.) (instruction on doctor's duty in medical malpractice case); *J. Weingarten, Inc. v. Gauthier*, 305 S.W.2d 181 (Tex.Civ.App.—Beaumont 1957, no writ) (instruction on duties of store proprietor towards customers); *Farias v. Gaitan*, 312 S.W.2d 273 (Tex.Civ.App.—San Antonio 1958, writ ref'd n. r. e.) (instruction that defendant violated the statute, rendering him negligent as a matter of law). The appellate courts have held that the preceding instructions should not have been given by the trial court as they were not necessary to aid the jury in their factual determinations. The non-delegable principle is purely a matter of law for the court to appropriately apply to the verdict. *Bond v. Otis Elevator Company*, 388 S.W.2d 681 (Tex.1965). This point of error is overruled.

■ Mrs. DeLeon further maintains that reversible error was committed because the trial court refused to charge Otis with a high degree of care in special issue no. 1. This contention is without merit. Otis manufactured the elevator and is subject to the rules of strict liability. This issue was submitted to the jury and found against Mrs. DeLeon.

The duty owed by Otis in this case is to use ordinary care. *Fox v. Dallas Hotel Company*, 111 Tex. 461, 240 S.W. 517 (1922); *Bond v. Otis Elevator Company*, 388 S.W.2d 681 (Tex.1965); *Otis Elevator Company v. Wood*, 436 S.W.2d 324 (Tex.1968); *Brewer v. Otis Elevator Company*, 422 S.W.2d 766 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n. r. e.). The contract for maintenance and repair by Otis in this case is similar in all material respects to the contract in the above cases. In *Brewer*, the court stated:

> Appellant's position that Otis has a duty to passengers using the elevators to exercise a high degree of care for their safety, rather than ordinary care, is not sound. The duty to exercise the high degree of care required of common carriers is placed on those furnishing elevators for the convenience and use of their invitees.... The duties of the agent of the operator having control of the elevators for the purpose of maintenance is to exercise ordinary care to maintain them in a condition of reasonable safety for use.

Id. at 769.

Mrs. DeLeon seeks reversal under points of error asserting (1) that the trial court erred in giving an instruction on unavoidable accident, (2) that the court erred in excluding from evidence a photograph showing the pit of the elevator shaft, and (3) that the jury's answers to issue numbers 1, 3 and 6 were legally and factually insufficient. These points of error cannot be sustained.

Only a partial statement of facts was brought up on appeal. This statement of facts contains the notation that Eloi Hurzar, Dr. William E. Dossman, Sylvia H.

Martinez, Irene Porter, John Salvador Ornelas and Raymond Balderas were called as witnesses and that their testimony is excluded from the statement of facts. The court reporter certified that the statement of facts contained only excerpts of her notes of the oral evidence and proceedings in the trial. The agreement of counsel approved only the statement of facts as containing a true and correct excerpt of the statement of facts.

The burden is upon Mrs. DeLeon to show that the judgment is erroneous in order to obtain a reversal. The reversal of the trial court's judgment is not justified unless an examination of the record as a whole shows that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. *See, City of Galveston v. Hill,* 151 Tex. 139, 246 S.W.2d 860 (1952); *Cloud v. Zellers,* 158 Tex. 253, 309 S.W.2d 806 (1958); Tex.R.Civ.P. 434. In the absence of a complete statement of facts we must presume that there was sufficient evidence to support the jury's findings and that the trial court did not err in giving an instruction on unavoidable accident or in excluding the photograph. *See, Schweizer v. Adcock,* 145 Tex. 64, 194 S.W.2d 549 (1946); *Commercial Credit Corp. v. Smith,* 143 Tex. 612, 187 S.W.2d 363 (1945); *see also Duffey v. Hanes,* 474 S.W.2d 621 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.). In *Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968), the Supreme Court said:

> The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts.

Mrs. DeLeon's complaint that the trial court erred in refusing to submit an explanatory instruction on circumstantial evidence cannot be sustained. This question was decided by the Supreme Court in the case of *Johnson v. Zurich General Accident and Liability Insurance Company,* 146 Tex. 232, 205 S.W.2d 353 (1947). In that case the Court held that there was no error in refusing to give an instruction on circumstantial evidence in view of Rule 277 of the Texas Rules of Civil Procedure. In the case of *Larson v. Ellison,* 147 Tex. 465, 217 S.W.2d 420, 421 (1949), the Supreme Court approved the holding in *Johnson* and noted "... the jurors as men of common sense and sound judgment would certainly have been at liberty, in arriving at a verdict, to make reasonable inferences from proven facts," even without a charge on circumstantial evidence.

The judgment of the trial court is affirmed.