**Christopher Lynn WALSH, Relator,**

v.

**Honorable Thomas C. FERGUSON, Judge Presiding, 277th Judicial District Court, Williamson County, Texas, Respondent.**

No. 3–86–012–CV.

Court of Appeals of Texas, Austin.

July 3, 1986.

Roy Q. Minton, Scott A. Young, Minton, Burton, Foster & Collins, Austin, for relator.

Dick Blankenship, Blankenship & Gibbins, Austin, for real party in interest, Debra Jo Walsh.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

SHANNON, Chief Justice.

This proceeding in mandamus attacks the validity of an order of a district judge directing a party to furnish blood and urine for laboratory analysis. Tex.R.Civ.P.Ann. 167a(a) (1976).

Christopher Lynn Walsh, relator, complains of Honorable Thomas C. Ferguson, judge presiding of the 277th District Court of Williamson County. Judge Ferguson signed the order on June 17, 1986. Relator seeks to have this order vacated by writ of mandamus. This Court will conditionally grant the writ of mandamus.

Judge Ferguson ordered relator to submit himself to a laboratory at St. David's Hospital in Austin on June 24, 1986, for the purpose of furnishing blood and urine specimens for laboratory analysis in determining relator's possible use of certain drugs: marihuana, amphetamines, methamphetamines and cocaine. On June 19, 1986, this Court granted relator's motion for leave to file his petition for writ of mandamus and scheduled oral argument. On June 20, 1986, this Court entered an order staying the enforcement of the district court's order until such time as this Court made a final determination of relator's petition for writ of mandamus.

■ It is settled law that an appellate court may issue a writ of mandamus to correct a clear abuse of discretion by a trial court in a discovery proceeding. *Barker v. Dunham,* 551 S.W.2d 41, 42 (Tex.1977); *Zenith Radio Corp. v. Clark,* 665 S.W.2d 804 (Tex.App.1983, orig. proceeding).

■ Rule 167a(a) provides that when the *mental or physical condition* of a party *is in controversy,* the trial court may

order the party to submit to a mental or physical examination by a physician. Such order for mental or physical examination "may be made *only* on motion for *good cause shown....*" (Emphasis supplied).

The underlying lawsuit is one for divorce pending in the district court of Williamson County. The couple has three young children and final conservatorship is contested. In an amended pleading, Mrs. Walsh seeks exemplary damages for alleged assaults by relator.

By her Rule 167a motion, Mrs. Walsh claimed that relator's use of certain drugs is relevant in the divorce suit because "[relator] has denied using narcotics during the past year and [Mrs. Walsh] believes otherwise." Mrs. Walsh pleaded in addition that relator's drug use is relevant to his suitability to be appointed permanent managing conservator of the children.

Mrs. Walsh claimed further by her motion that:

There is good cause of [sic] this requested examination because [Mrs. Walsh] believes that [relator] uses narcotics habitually. [Mrs. Walsh] alleges that [relator] has injured her while under the influence of narcotics and dangerous drugs. If [relator] has used drugs within the last year, he has committed aggravated perjury in his deposition. Further, [Mrs. Walsh] has alleged the tort of assault in this cause to which cause of action drug usage by [relator] is directly relevant.

Relator claims that a writ of mandamus should issue to set aside the district court's order because (1) Mrs. Walsh failed to show that his mental or physical condition was in controversy and that there was good cause for the examination requested; and (2) the order did not require relator to submit to a physical examination by a physician as required by Rule 167a(a), but instead required him to report to a hospital laboratory for the taking of the blood and urine specimens. Because this Court has concluded that Mrs. Walsh failed to discharge her burden to show that relator's mental or physical condition was in contro-

versy and that good cause existed for the requested examination, this Court need not treat relator's second argument.

Relator did not assert his mental or physical condition either in support of, or in defense of, his position in the divorce suit. Instead, it was Mrs. Walsh who sought to place relator's condition in issue. Accordingly, Rule 167a(a) required that Mrs. Walsh make an affirmative showing that relator's mental or physical condition was in controversy and that there was good cause for the examination of the blood and urine. *See Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).[1]

By signing the Rule 167a(a) order, the district court necessarily concluded that relator's mental or physical condition was in controversy and that good cause existed for the requested examination.

The record of the district court hearing shows, and counsel for the parties agree, that no evidence was taken at the hearing. Although relator's answers to Rule 168 interrogatories were apparently on file with the district clerk and relator's oral deposition had been taken, Mrs. Walsh did not tender any of those answers into evidence, nor did she offer to read any of the deposition testimony into evidence. Although Mrs. Walsh's Rule 167a(a) motion was sworn to by counsel, it does not set out facts supportive of its conclusory averments. Mrs. Walsh did not file any affidavits in support of her Rule 167a(a) motion.

In sum, the district court's order stands alone, unsupported by any evidence. There is no evidence to support the district

court's implied conclusions that relator's mental or physical condition was in controversy and that good cause existed for the requested examination. Any contention that the requirements of the rule were established as a matter of law is wholly unwarranted.

The "in controversy" and "good cause" requirements of Rule 167a(a) make it apparent that examinations of a party who has not affirmatively put into issue his own mental or physical condition are not to be automatically ordered, but instead are to be ordered only upon a showing of adequate proof. *See Schlagenhauf v. Holder, supra.*

Because the Rule 167a(a) order was unsupported by proof, this Court has concluded that its issuance constituted a clear abuse of discretion. *See City of Houston v. Southwestern Bell Tel. Co.*, 263 S.W.2d 169 (Tex.Civ.App.1953, writ ref'd). Accordingly, the district court should set aside the order of June 17, 1986, requiring relator to submit himself to the laboratory at St. David's Hospital for the purpose of furnishing blood and urine specimens. This Court assumes Judge Ferguson will comply promptly. In the event he fails to do so, a writ of mandamus will issue.

GAMMAGE, J., not participating.

---

1. Rule 167a(a) is derived from Federal Rule 35.