Julie MONAGHAN, Appellant,

v.

Buford CRAWFORD and Johanna
Crawford, Appellees.

No. 04–88–00094–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 25, 1989.

W. Stephen Graves, William G. Keiler,
San Antonio, for appellant.

James E. Monnig, San Antonio, for appellees.

Before BUTTS, CHAPA, and
BISSETT*, JJ.

OPINION

GERALD T. BISSETT, Assigned
Justice.

Julie Monaghan appeals from an order
dismissing with prejudice her "Motion to
Modify a Decree Affecting the Parent–
Child Relationship." The child affected is
Alicia Dawn Coulter, who was born on November 5, 1980, and is the child of the
marriage of appellant and James Coulter.
The Coulters were divorced by decree

* Assigned to this case by the Chief Justice of the
Supreme Court of Texas as authorized pursuant

to TEX.REV.CIV.STAT.ANN. art. 1812, § (d)
(Vernon 1983).

signed on October 10, 1984, by the judge of the 150 District Court of Bexar County, Texas. In the decree, Buford Crawford and Johanna Crawford (appellees), husband and wife and the maternal grandparents of the minor child Alicia Dawn Coulter, were appointed Joint Managing Conservators of the child, and Julie Coulter, now Julie Monaghan, the mother of the child, was appointed Possessory conservator.

On March 24, 1987, Julie Monaghan (appellant) filed a motion to modify the October 10, 1984 Decree of Divorce with regards to conservatorship of the child. This motion was also filed in the 150th District Court of Bexar County, Texas, in Cause No. 83-CI-12548, the same docket number of the divorce proceedings. The appellees contested the motion.

On October 28, 1987, appellees filed a motion that appellant and her husband, Chris Monaghan, "be tested for marijuana and other illegal drugs." Following a hearing on the motion, Judge Solomon Casseb, Jr., by order signed on November 2, 1987, ordered appellant and her husband to be tested "for marijuana and other illegal drugs" at a certain named laboratory in San Antonio. They refused to be tested. Another hearing was held on November 4, 1987. At that hearing, Judge David Peeples, in open court ordered that appellant submit to drug-testing "on or before noon, tomorrow, Thursday, November the 5th." Appellant, through her attorney, in open court, again refused to be tested; at that hearing (November 4, 1987), Judge Peeples changed Judge Casseb's order concerning Chris Monaghan and ordered that he not be tested for drugs.

Appellees then filed a motion that sanctions by way of dismissal with prejudice of appellant's "Motion to Modify a Decree Affecting the Parent-Child Relationship" be imposed on appellant as a result of her refusal to be tested for drugs. This motion was filed on November 4, 1987. A hearing on the motion for sanctions was held on November 5, 1987. The motion was granted, and the judgment, signed on November 20, 1987, decreed:

[A.] The Court finds that sanctions should be imposed as provided in Rule 215 of the Texas Rules of Civil Procedure.

\* \* \* \* \* \*

[C.] The Court finds and orders that the Motion To Modify In Suit Affecting The Parent-Child Relationship filed herein by JULIE MONAGHAN shall be and is hereby dismissed with prejudice, it being the Court's intention that this Order is, and shall constitute a ruling on the merits of this matter. In that respect, the Court finds that the appointment of JULIE MONAGHAN as managing conservator of the child, ALICIA DAWN COULTER, would not be a positive improvement for the child and that appointment of JULIE MONAGHAN as managing conservator of the child, ALICIA DAWN COULTER, would not be in the best interest of the child.

[D.] The Court finds that the Motion To Modify In Suit Affecting The Parent-Child Relationship filed herein by JULIE MONAGHAN should be DENIED, and it is ordered that all relief requested in the Motion To Modify In Suit Affecting The Parent-Child Relationship filed herein by JULIE MONAGHAN is DENIED.

■ Appellant, in her first point of error, contends that the trial court erred in ordering her to submit to drug testing when her use of drugs was not "in controversy" and "good cause" for ordering the test was not shown. We treat the point as a "no evidence" point of error.

Both appellant and appellees contend that their position in this appeal finds support in TEX.R.CIV.P. 167a(a) (Vernon 1976). That portion of the Rule reads, as follows:

(a) Order for Examination.

When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending

may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

The primary purpose of this Rule is to provide a procedure by which a party whose physical or mental condition is in dispute may be required to submit to a physical or mental examination by another party to the suit. *C.E. Duke's Wrecker Service, Inc. v. Oakley,* 526 S.W.2d 228, 232 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). The physical or mental condition of a party is a material issue in the case.

Appellant does not assert by a point of error that the trial court was not authorized or empowered, *vel non,* either under Rule 167a(a), or otherwise, to order appellant to report to a *laboratory* for the purpose of testing for "marijuana or illegal drugs." She does not, by a point of error, claim that the court, in ordering her to be tested for drugs, violated her constitutional rights. Those issues are not before us in this appeal and we express no opinion thereon. We decide this case solely on the basis of the points of error brought forward. Moreover, appellant, in her brief, tacitly admits that the trial court did have such power because she relies on *Walsh v. Ferguson,* 712 S.W.2d 885 (Tex.App.—Austin 1986, no writ) in support of her contention that her use of drugs was not "in controversy" and "good cause" for the drug-testing was not established by the evidence adduced at the trial. However, in *Walsh,* no evidence was presented in connection with the order requiring the relator to submit to a laboratory for the purpose of furnishing blood and urine specimens in determining his possible use of drugs. In the case at bar, as will be demonstrated, we cannot hold that there was "no evidence" presented to the trial judge prior to ordering appellant to report to the laboratory to be tested for drugs.

In the case at bar, appellant, in essence, is a party whose "blood group" is in dispute, which is a material issue in the case. Testing her for drugs could only be accomplished by laboratory examinations of either her blood or urine, or both. Such testing for drugs was collateral to the issue before the trial court and was sought by appellees to aid the court in determining the controversy between the parties. *See Manuel v. Spector,* 712 S.W.2d 219, 223 (Tex.App.—San Antonio 1986, no writ).

The Court, in *Walsh v. Ferguson,* 712 S.W.2d 885 (Tex.App.—Austin 1986, no writ), which appellant says in her brief is "on all-fours" with the present case, indicated that a trial court has the authority to order a party in a divorce proceeding where conservatorship of minor children was contested to furnish blood and urine for laboratory analysis. Also, the Court, in *Cooper v. Tex. Dept. of Human Resources,* 691 S.W.2d 807, 811 (Tex.App.—Austin 1985, writ ref'd n.r.e.), said that managing conservatorship may be denied the natural parent if there is evidence of use of drugs by the natural parent.

Rule 167a(a) required that appellees make an affirmative showing that appellant's mental or physical condition is "in controversy" and that there is "good cause" for the testing of appellant for drugs. *Walsh,* 712 S.W.2d at 887; *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).

Appellees, in their motion for drug testing, and in their answers to interrogatories, stated that appellant used drugs. As of the date that the order dismissing appellant's motion to modify was signed, appellant had not contested appellee's motion by written pleading, nor had she filed answers to the interrogatories propounded to her by appellees. Such answers were filed on April 26, 1988, long after the order of dismissal was signed.

We hold that the asserted use of "marijuana and other illegal drugs" by appellant

was "in controversy." Appellees complied with that requirement of Rule 167a(a).

It was in the hearing on November 3, 1987, that appellant was first ordered to submit to drug testing. That hearing was held before Judge Casseb. A statement of facts as to what transpired at that hearing is not included in the record. Appellant, in her brief, states that no evidence was introduced at the hearing; appellees, in their brief, say that evidence was introduced.

■ The burden is on the appellant to see that a sufficient record is presented to the appellate court which requires reversal of the trial court's judgment. TEX.R.APP. P. 50(d). Where the appellant complains that there is no evidence to support vital findings of fact necessary to support the judgment, appellant must show that the judgment is erroneous; that burden cannot be discharged in the absence of a complete or agreed statement of facts. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968). In the absence of either a complete or an agreement statement of facts as to what transpired at the hearing on November 3, 1987, we must presume that Judge Casseb's order that appellant be tested for drugs was supported by legally sufficient evidence. *De Leon v. Otis Elevator Co.*, 610 S.W.2d 179 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.).

■ The record does contain a statement of facts with respect to the hearing had before Judge Peeples on November 4, 1987. No evidence was introduced at that hearing. Appellees' offer of proof and representations made by their attorney as to what the proof would show does not constitute evidence. Testimony in a lawsuit comes from witnesses, who, under the sanction of an oath, relate facts within their knowledge, and the administration of an oath to a witness by a competent officer is a fundamental and essential requirement to give the witness' testimony binding force, and is a prerequisite to the giving of evidence. *Cauble v. Key*, 256 S.W. 654 (Tex.Civ.App.—Austin 1923, no writ); 37 TEX.JUR.3d, *Witnesses*, § 653.

In the instant case, while the attorney for appellees is an officer of the court, his representations to the court concerning what the proof would show were required to be made under oath if they were to be considered as evidence, absent a waiver of the oath. Here, appellees' attorney was not sworn as a witness and the oath was not waived. Therefore, his conclusionary representations cannot be considered as evidence. However, even though Judge Peeples' order is not supported by evidence adduced at the hearing before him, we cannot say, or hold, that Judge Casseb's order was not supported by evidence.

At the hearing on November 5, 1987, on the motion for sanctions, Judge Peeples presiding, appellee Buford Crawford testified that 1) appellant had been arrested on a drug charge while she was in high school (some eight or nine years before the hearing); 2) Alicia Dawn Coulter, the minor child involved in appellant's motion, told him during the 1986 Christmas holidays that she had seen her mother roll marijuana cigarettes, and 3) and Dorothy Yeager told him that she had observed appellant smoking marijuana during the summer of 1986. Appellee Johanna Crawford testified that Alicia Dawn Coulter told her that her mother smoked "weeds and grass" and showed her how she "rolled it." Appellant testified that the last time that she smoked marijuana was three years before the hearing, and that she had never smoked marijuana before her child.

The testimony of both appellees as what the child told them was hearsay as was the testimony of appellee Buford Crawford as to what Dorothy Yeager told him. However, appellant did not object to such hearsay. Therefore, the hearsay testimony has probative value. TEX.R.CIV.EVID. 802.

We hold that the record, when viewed in its entirety, shows that appellant's alleged use of drugs was "in controversy" and "good cause" was shown for ordering appellant to be tested for drugs. Appellant's first point of error is overruled.

■ In appellant's second and final point of error, the claim is made that "the trial

court erred in dismissing appellant's cause with prejudice for a single refusal to make discovery, without opportunity to cure and despite availability of a less drastic, clearly adequate, proportionate remedy to redress the refusal." We treat the point as a complaint that the trial court abused its discretion in dismissing with prejudice appellant's motion to modify the custodial provisions of the divorce decree.

Appellant, in her brief, argues that the rendition of the judgment as a sanction amounted to a punishment for her refusal to submit to "drug-testing," and that such amounted to a denial of due process. She relies upon the holding in *Hovey v. Elliott*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897) in support of her contention. *Hovey* is not in point. In that case, it was held that due process prohibits the striking of a pleading and rendition of judgment by default as a punishment; due process was denied by the refusal "to hear." That is not the case presented by this appeal. Appellant was afforded a hearing on the "drug-testing" matter. Moreover, judicial concepts concerning sanctions have changed considerably since *Hovey* was decided. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985).

Justice Kilgarlin, in writing on the extreme sanction of dismissal with prejudice, stated:

> ... [I]n many cases the gravity of the misconduct is a function of the plaintiff's culpability; the more culpable the plaintiff, the more likely final dismissal is justified. A showing of actual bad faith, as opposed to a lower degree of fault, such as negligence, may be necessary. The gravity of the plaintiff's abuse of discovery may also be reflected in the resultant harm to the defendant. The greater the defendant's harm, the greater the justification for dismissal with prejudice. For instance, if the plaintiff's actions have precluded the defendant

from obtaining helpful evidence, dismissal with prejudice may be necessary to protect the defendant ...

Kilgarlin and Jackson, *Sanctions for Discovery Abuse Under New Rule 215*, 15 ST. MARY'S L.J. 767 at 801, 802 (1984).

The imposition of sanctions in the nature of penalties, as provided in TEX.R.CIV.P. 215, as the Rule existed at the time judgment was signed in this case, for the refusal of a party to comply with discovery rules is within the sound discretion of the trial court. The measures, imposed by the court will be reversed only if the reviewing court finds that the trial court abused its discretion as a matter of law. *Jarrett v. Warhola*, 695 S.W.2d 8, 10 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd).

In the instant case, appellant refused to submit to a laboratory examination for the purpose of determining whether there was any evidence of drugs in her body. Her refusal to be tested for drugs was, deliberate, intentional and willful. By such refusal, it was impossible to determine whether she was using drugs, a material issue in the case. The record does not indicate that the trial court acted in a capricious, arbitrary or unreasonable manner. The sanctions chosen were within the discretion of the trial court as set out in Rule 215.

We hold that the trial court did not abuse its discretion in dismissing with prejudice appellant's "Motion to Modify a Decree Affecting the Parent–Child Relationship." Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.