Marcus **MUNIZ** and Sylvia **Muniz**, Plaintiffs

v.

**RANSOMES AMERICA CORPORATION,** Victor M. Garcia and Tecom, Incorporated, Defendants.

Civil A. No. C–94–7.

United States District Court, S.D. Texas, Corpus Christi Division.

June 6, 1995.

---

Filemon B. Vela, Jr., Constant & Vela, Corpus Christi, Texas, for Plaintiffs.

William Neal Woolsey, Wray, Woolsey & Anthony, Corpus Christi, Texas and Robert M. Smith, Mullen & Shivers, San Antonio, Texas, for Defendants.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT AND DISMISSING DEFENDANT VICTOR M. GARCIA

JACK, District Judge.

On this day came to be heard Defendant Tecom, Incorporated's Motion for Summary Judgement against Plaintiffs Marcus Muniz and Sylvia Muniz.

### I. *Jurisdiction.*

Because the controversy in question arose under the Constitution and laws of the United States, this Court has jurisdiction pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331. For the reasons addressed below, the Court GRANTS the Motion for Summary Judgment urged by the Defendant Tecom, Incorporated (hereinafter referred to as "Tecom").

### II. *Facts and Proceedings*

Plaintiffs Marcus Muniz and Sylvia Muniz filed suit in this Court against Ransomes America Corporation, Victor M. Garcia and Tecom alleging that Marcus Muniz sustained personal injuries when he, while operating a Cushman cart, was involved in an accident with a vehicle driven by Victor M. Garcia.

The Muniz's allege that Ransomes America Corporation and Tecom, respectively, defectively designed and failed to properly maintain the Cushman cart which Marcus Muniz was driving at the time he was hit by Victor M. Garcia's car. The Muniz's have since settled their case against Ransomes America Corporation, the manufacturer of the Cushman cart.

With respect to their claim against Tecom, the Plaintiffs contend that, pursuant to a contract with the United States Government by virtue of which, Tecom, among other things, performs maintenance on the Cushman cart in question, Tecom was obligated to install a siren-like flashing device and/or a bright flag on top of the cart. The Plaintiffs argue that Tecom's failure to do so constituted negligent maintenance of the cart. The Plaintiffs further contend that Tecom is liable for Marcus Muniz's injuries under a strict products liability theory.

On May 10, 1995, Tecom moved for summary judgment, to which Marcus and Sylvia Muniz filed a response on May 16, 1995. Tecom then supplemented its motion for summary judgment on May 26, 1995. Tecom contends that the uncontroverted summary judgment evidence before the Court establishes that Tecom owed no duty pursuant to its contract with the United States Government to modify the Cushman cart, thus negating an essential element of Plaintiffs' negligence claim. Tecom further contends that because they did not place the cart in question into the stream of commerce, Plaintiffs' claim of strict products liability has no foundation.

### III. *Discussion*

#### A. *Summary Judgment Standard*

Summary judgment is proper, pursuant to FED.R.CIV.P. 56(c), when "the pleadings, depositions, answers to interrogatories, and admissions file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." A party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and of identifying those portions of the record and

affidavits which evidence an absence of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the movant has met its burden, it is then incumbent upon the non-movant to show that disputed issues of fact remain. *State Farm Life Ins. Co. v. Gutterman,* 896 F.2d 116, 118 (5th Cir.1990). The Court, in turn, must view all inferences from the evidence in the light most favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986).

■ The movant's summary judgment evidence must sufficiently indicate the failure of an essential element of the non-movants claim. *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. at 2552. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2552–53. Rule 56(c) requires the Court to enter summary judgment if the evidence favoring the non-moving party is not sufficient for the jury to enter a verdict in his favor. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510.

### B. Negligence

■ In order to establish a cause of action for negligence under Texas law, the plaintiff must prove the existence of a legal duty owed by the defendant to the plaintiff, breach of that duty, and damages proximately resulting from the defendant's breach. *Federal Sav. & Loan Ins. Corp. v. Texas Real Estate Counselors, Inc.,* 955 F.2d 261, 265 (5th Cir.1992) (citing *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987)); *Skipper v. U.S.,* 1 F.3d 349, 352 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1220, 127 L.Ed.2d 566 (1994). Specifically, a plaintiff is not entitled to recover in tort from a defendant unless he can demonstrate that the defendant violated a legal duty it owed to the plaintiff. *Grover v. Gulf States Utilities Co.,* 776 F.2d 517, 519 (5th Cir.1985) (citing *Abalos v. Oil Development Co.,* 544 S.W.2d 627, 631 (Tex.1976)). Accordingly, Plaintiff's claim in this case turns on whether Tecom owed a legal duty to Plaintiff.

■ Both parties agree that if any duty existed on the part of Tecom, such duty would be conferred pursuant to Tecom's contract with the United States Government. Tecom contracted with the United States Government to provide the maintenance and repair necessary to the operation of certain vehicles located at the Corpus Christi Army Depot, including the Cushman cart in question.

Tecom asserts in its motion and through the supporting affidavit of Will Rose, the Senior Vice President of Tecom, Incorporated, that the maintenance duties to be conducted by Tecom under contract DAA 83–91–R–0025 did not encompass a duty to enhance the vehicle in question with the addition of siren-like flashing devices and/or brightly colored flags on top of the vehicle as Plaintiffs contends. The contract indicates that the scope of Tecom's services include the maintaining of the vehicles in a safe, serviceable condition and in good appearance. According to the contract, vehicles are considered safe and serviceable when "all safety items are functioning, and all components and subassemblies are within the manufacturer's serviceable limits, and are properly installed." DAAC 83–91–R–004, p. 3–4 of 47. The contract further requires that all maintenance should be performed in accordance with the applicable manufacturer's manual. DAAC 83–91–R–004, p. 19 of 47.

Tecom directs the Court's attention to the manufacturer's manual for the Cushman Cart in question in which no mention is made of enhancement of or additions to the vehicle of any kind. Tecom further contends that the addition of siren-like flashing devices and/or brightly colored flags to the top of the Cushman cart would have necessarily gone outside the scope of the contract in that such additions would not have been within the manufacturer's serviceable limits and would not have been in accordance with the manufacturer's manual as the contract specifies. Consequently, it is Tecom's position that no duty existed to enhance the Cushman cart pursuant to Tecom's contract with the United State's Government.

■ The Plaintiffs contend, in their response to Tecom's motion and in the support-

ing affidavit of Marcus Muniz, that the contract's delineation of broad responsibilities to Tecom with respect to the maintenance of Corpus Christi Depot vehicles indicates a duty on the part of Tecom to maintain the Cushman cart in such a way as to ensure the safety of its users. Texas law provides that the requisite duty to maintaining a negligence cause of action may be created by contract, and therefore, the breach of a contractual duty may give rise to a tort. *Grover*, 776 F.2d at 519; *Channel 20, Inc. v. World Wide Towers Services, Inc.*, 607 F.Supp. 551, 555 (S.D.Tex.1985). Plaintiffs argue that Tecom breached its contractual duty when it failed to install a siren-like flashing device and/or a brightly colored flag on the Cushman cart in question thereby making it more visible

The challenge of Plaintiffs' assertion arises from the fact that, as the uncontested summary judgment evidence suggests, Tecom's duties under the contract in question solely involve maintenance. It is clear, based on the evidence before the Court, that the contract imposed no duty on Tecom other than to take all action necessary to maintain the vehicles in the condition in which they were found by Tecom or in which they left the manufacturer. In no event does the contract impose a duty or confer a right on Tecom to make any additions, alterations, enhancements or changes to the vehicles in its charge other than in the capacity of maintenance.

The contract specifically sets out the duties encompassed by the contract in a section entitled "Summary of Scope of Work". *See* DAAC 83–91–R–004, p. 3–4 of 47. If the contractors were conscientious enough to so specifically enumerate the scope of the work to be performed by Tecom, it seems logical that had they wished to give Tecom the authority to make changes and additions to their vehicles, such authority would be established in this section of the contract. The Court will not infer such responsibility when it does not appear on the face of the contract.

■ A maintenance contract does not place upon the contractor responsibility for design defects. *Brewer v. Otis Elevator Co.*, 422 S.W.2d 766, 769 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). There-

fore, if the Cushman cart in question was unsafe, it was not the contractual responsibility of Tecom to see that it was modified. Furthermore, it has been established that "maintenance" does not include operation or supervision of operation or advice regarding operation. *UMC, Inc. v. Coonrod Elec. Co. Inc.*, 667 S.W.2d 549, 557 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). The preclusion of supervision or advice regarding operation necessarily precludes the unilateral assumption of responsibility for enhancements ensuring safe operation.

Under the contract in question the contractor could have orally modified Tecom's duties under the contract by requesting specific work to be done which would normally fall outside the scope of maintenance. However, according to the uncontroverted affidavit of Will Rose, no such request was ever made by the United States Government.

Accordingly, Tecom had no duty by virtue of its contract with the United States Government or any oral modification thereto to enhance the Cushman cart in question or make any additions or changes to the cart, including the installation of siren-like flashing devices or brightly colored flags on the top of the cart.

*C. Strict Products Liability*

■ It is a fundamental principle of traditional products liability law that in order to maintain a products liability cause of action against a defendant, a plaintiff must prove that the defendant actually supplied the product in question. *In re Fibreboard Corp.*, 893 F.2d 706, 711 (5th Cir.1990) (quoting *Gaulding v. Celotex Corp.*, 772 S.W.2d 66, 68 (Tex.1989)). Moreover, the defendant must be engaged in the business of placing the defective product into the stream of commerce. *Armstrong Rubber Co. v. Urquidez*, 570 S.W.2d 374, 375 (Tex.1978).

■ In the present case, it is apparent that Tecom was not in the business of designing, manufacturing, selling or otherwise providing Cushman carts such as the one at issue in this case to the public. Further, the summary judgment evidence before the Court clearly establishes that Tecom did not design, manufacture or sell the Cushman cart

that was ultimately involved in Marcus Muniz's accident.

 The extent of Tecom's involvement with the Cushman cart in question was the provision of repair and maintenance services. While such activity quite possibly enabled the cart to remain in the stream of commerce, it had nothing to do with the cart being in the stream of commerce initially. The theory of strict products liability does not extend to defective services as opposed to defective products. *Thomas v. St. Joseph Hospital,* 618 S.W.2d 791, 796 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). As such, there is no basis for the Plaintiff's strict products liability claim against Tecom.

### IV. *Conclusion*

Defendant Tecom, Incorporated has succeeded in demonstrating an absence of a genuine issue of material fact in Plaintiffs' negligence and strict liability claims against it. Accordingly, Summary Judgment is hereby and in all things GRANTED.

Further, Plaintiff failed to effectuate on Defendant Victor M. Garcia service of the summons and complaint within 120 days of the filing of the compliant pursuant to Fed. R.Civ.P. 4(m). Accordingly, the Court exercises its inherent power under both Fed. R.Civ.P. 4(m) and 41(b) to dismiss Mr. Garcia from this action for want of prosecution.

IT IS ORDERED that any and all claims in this suit against Victor M. Garcia are hereby dismissed.