In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-471 CV


______________________


 

IN RE A.






Original Proceeding 






MEMORANDUM OPINION



 The trial court required production of thirty-nine pages of relator's treatment records. (1) 
The issue in this mandamus proceeding is whether a spouse may discover the contents of her
husband's treatment records in a divorce suit that includes a contest over conservatorship and
possession of the parties' young children. A federal statute provides that certain treatment
records are confidential and may be disclosed only as permitted by the statute. See 42
U.S.C.A. § 290dd-2 (West 2003). The statute requires, under the circumstances in this case,
that the party seeking the records demonstrate good cause to obtain them. See id. § 290dd-2(b)(2)(C). With exceptions, Texas law also treats certain treatment records as privileged. 
See Tex. R. Evid. 509, 510; Tex. R. Civ. P. 192.3(a). 

 The chronology of the dispute in the trial court is as follows:

 12/22/03 The wife filed a request to produce regarding the husband's
records. 


 2/23/06 The wife commissioned a records retrieval company to obtain 
the husband's records. 


 2/27/06 The husband moved for a protective order and agreed to produce
records to the court for an in camera inspection. 


 3/27/06 The husband produced records to the trial court. 


 4/5/06 The wife asked that the trial court deny the requested protective
order because any objections had been waived, and because the
records "are essential" to the issue of "conservatorship,
possession and access to the parties' children" in this divorce
suit. 


 4/10/06 The trial court conducted a preliminary hearing regarding
whether it would review the records in question in camera. 


 7/7/06 The trial court again considered whether it would review the
records in question in camera. 


 9/14/06 The trial court ordered the records at issue released to the court
so that it could conduct an in camera inspection. 


 9/15/06 The husband filed a motion for re-hearing regarding the trial
court's denial of his protective order request.


 9/18/06 By letter, the trial court denied the husband's motion for
rehearing. 


 The real-party-in-interest argues her husband's records are discoverable because she
has complied with statutory, procedural, and evidentiary requirements for disclosure of the
records, and she contends the records are relevant. (2) Relator argues the records are not
discoverable because state law cannot authorize or compel a disclosure prohibited by federal
law in 42 U.S.C.A. § 290dd-2. He asserts the requesting party has failed to show good cause
to permit the disclosure under federal law, and the records are protected from discovery by
Texas law. See Tex. R. Civ. P. 192.3; Tex. R. Evid. 509, 510. Relator also asserts the
discovery requests are overly broad and the documents are not relevant. He asserts, under
Tex. R. Evid. 403, the value of the confidentiality of the records far outweighs any probative
value. 

 Mandamus is appropriate only "if the trial court abused its discretion or violated a
legal duty, and there is no adequate remedy at law[.]" In re Dana Corp., 138 S.W.3d 298,
301 (Tex. 2004). If the reviewing court "cannot remedy a trial court's discovery error, then
an adequate appellate remedy does not exist." Id. A discovery order requiring document
production violative of the confidentiality requirements of federal or state law may be subject
to mandamus relief. See In re Living Ctrs. of Texas, Inc., 175 S.W.3d 253, 256 (Tex. 2005)
("Mandamus is appropriate to protect confidential documents from discovery."). 

 The applicable federal law is 42 U.S.C.A. § 290dd-2 (West 2003). Under the statute,
patient records concerning substance abuse treatment shall be confidential, subject to limited
exceptions. Id. (3) One method of acquiring these records is to obtain authorization, upon a
showing of good cause, from a court of competent jurisdiction. Id. § 290dd-2(b)(2)(C). 
Relator asserts real-party-in-interest did not satisfy the good cause requirement. Under
section 290dd-2(b)(2)(C), good cause includes a showing that the disclosure of the records
is needed to "avert a substantial risk of death or serious bodily harm." Under the
implementing federal regulations, this may include "circumstances which constitute
suspected child . . . neglect . . . ." 42 C.F.R. 2.63(a) (2002). The statute provides "[i]n
assessing good cause the court shall weigh the public interest and the need for disclosure
against the injury to the patient, to the physician-patient relationship, and to the treatment
services." 42 U.S.C.A. § 290dd-2(b)(2)(C). Further, any order authorizing a disclosure must
(1) limit disclosure to those parts of the patient's record which are essential to fulfill the
objective of the order; (2) limit disclosure to those persons whose need for information is the
basis for the order; and (3) include such other measures as are necessary to limit disclosure
for the protection of the patient, the physician-patient relationship, and the treatment services. 
42 C.F.R. 2.64(e)(2002). 

 Relator also asserts the records are privileged under Texas law. He relies on the Texas
Constitution, Tex. R. Civ. P. 192.3(a), and Tex. R. Evid. 509 and 510. The considerations
for determining whether the documents should be disclosed under Texas law are similar to
those under federal law, although the tests are stated differently. Texas law generally
prohibits the discovery of privileged information, and the rules of evidence expressly set out
the physician-patient privilege and the mental health information privilege. See Tex. R. Civ.
P. 192.3(a); Tex. R. Evid. 509, 510. Similar to the federal confidentiality statute in section
290dd-2, these evidentiary rules recognize disclosure may be necessary in exceptional
circumstances. Both Rules 509 and 510 contain exceptions allowing disclosure of relevant
records regarding a patient's physical, mental, or emotional condition when any party relies
on the condition as a part of the party's claim or defense. Under the patient-litigant
exceptions to the privileges in Rules 509 and 510, the patient's condition itself must be of
legal consequence to any party's claim or defense. As with section 290dd-2, the trial court
considers the competing interests involved and must ensure that the production of documents
is no broader than necessary. See Tex. R. Evid. 509 (e)(4), 510(d)(5); see also R. K., M.D.
v. Ramirez, 887 S.W.2d 836, 843 (Tex. 1994). 

 In a child custody determination, the trial court considers the child's best interests. See
Tex. Fam. Code Ann. § 153.002 (Vernon 2002). The public policy of Texas is to promote
that interest by providing a safe environment and contact with capable, caring parents who
share parental responsibilities. See Tex. Fam. Code Ann. §§ 153.001(a), 153.002 (Vernon
2002); Lenz v. Lenz, 79 S.W.3d 10, 14-19 (Tex. 2002); Naguib v. Naguib, 137 S.W.3d 367,
371 (Tex. App.--Dallas 2004, pet. denied). In determining the best interest of a child, a court
considers whether a parent can meet the needs of the child. See generally Mumma v.
Aguirre, 364 S.W.2d 220, 221, 223 (Tex. 1963) (considering a claimant's ability to meet the
needs of the child). Here, there are allegations of substance abuse. Consideration of a
child's best interests may include whether a parent has a dependence on drugs or alcohol. 
See In re Walters, 39 S.W.3d 280, 289 (Tex. App.--Texarkana 2001, no pet.); Monaghan v.
Crawford, 763 S.W.2d 955, 957-58 (Tex. App.-San Antonio 1989, no writ); contrast In re
S.W.H. 72 S.W.3d 772, 777-78 (Tex. App.-Fort Worth 2002, no pet.) (past drug use
considered not relevant to present parental fitness). Possession or access to a child has been
restricted when a parent abuses drugs or alcohol, and use of the substances may be prohibited
while the parent has custody. See In re Walters, 39 S.W.3d at 286-88; Johnson v. Johnson,
804 S.W.2d 296, 301 (Tex. App.--Houston [1st Dist.] 1991, no writ); White v. Chamberlain,
525 S.W.2d 273, 275 (Tex. Civ. App.--Austin 1975, no writ); Ex parte Davis, 450 S.W.2d
97, 98 (Tex. Civ. App.--Houston [14th Dist.] 1970, no writ). The trial court may grant one
parent the power to deny the other parent possession of the child when the other parent is
under the influence of drugs or alcohol. See Bush v. Cooley, 561 S.W.2d 606, 607 (Tex. Civ.
App.--Waco 1978, writ dism'd). Here, no testimony was presented at the hearing that the
parent's condition has affected the children. 

 This proceeding has been pending in the trial court for several years, and it is likely
hearings have been held which provided information not available to this Court in this
mandamus proceeding. While the federal good cause requirement is strict and the record
before this Court is limited, under the circumstances and given the significance of the
competing interests at stake, we decline to find an abuse of discretion in the trial court's
finding of good cause for a limited disclosure.

 The records at issue are of legal consequence in this custody case because of the
considerations concerning the children's best interests. The evidence of good cause consists
of the pleadings demonstrating the dispute involves custodial rights, brief testimony from a
hearing, and the sealed records the trial court has ordered produced. The records are relevant
to the issues of conservatorship, possession, and access. The interest in the children's
welfare and the best interests of the children are weighed against the parent's privacy interest
in his treatment records. The wife has no other way to obtain the information, as the facility
and treating personnel are the ones who hold the records, and the husband has not consented
to the disclosure of the information.

 Under both federal and state law, competing interests are considered, including the
patient's privacy interests, as well as the injury to the patient, the physician-patient
relationship, and the treatment services. Public policy encourages open communication
between the parent-patient and the treater, and encourages the parent to seek treatment. See
generally Jaffee v. Redmond, 518 U.S. 1, 10, 116 S.Ct. 1923, 1929, 135 L.Ed.2d 337 (1996);
Ginsberg v. Fifth Ct. of Appeals, 686 S.W.2d 105, 107 (Tex. 1985). The interest of parents
and that of their children are promoted by a parent's successful treatment. 

 The Texas Supreme Court held in R.K. v. Ramirez that, even if a condition is "part"
of a party's claim or defense, "the court must ensure that the production of documents
ordered, if any, is no broader than necessary, considering the competing interests at stake." 
Ramirez, 887 S.W.2d at 843. Courts reviewing claims of privilege and inspecting records
in camera must ensure that the request for records and the records disclosed are closely
related in time and scope to the claims made, so as to avoid any unnecessary incursion in
private affairs. Even when a document includes information meeting this standard, any
information not meeting the standard remains privileged and must be redacted or otherwise
protected. The Court stressed in Ramirez that "the highly personal nature of this information
places a heavy responsibility on the trial court to prevent any disclosure that is broader than
necessary." Id. at 844. "Trial courts must use great care when permitting discovery of such
sensitive information, and should redact or delete those portions of medical and mental health
records that concern matters beyond the scope of the exception. Consistent with the
standards set out in Texas Rules of Civil Procedure 76a and 166b(5), trial courts should use
their authority to prevent the unwarranted invasion of personal, constitutional, or property
rights." Id. 

 We do not believe the records ordered produced concerning what relator told his
treaters or containing references to third parties should be disclosed. These communications
are at the heart of what the privileges are intended to protect and encourage. The most recent
records of treatment produced are from 2004. To the issue in litigation, the communications
are of less significance than the ultimate diagnosis from the facility and the current treatment
status.

 On this record, the patient-litigant exceptions apply and good cause exists at this time
for a limited disclosure to the real party-in-interest. In keeping with the holding in Ramirez
and the requirements of 42 C.F.R. 2.64, the disclosure must be tailored to order document
production that is no broader than necessary, considering the competing interests at stake. 
The limited disclosure of the following documents meets those requirements: the October 15,
2003, referral letter to the Arizona facility labeled Exhibit B and the bottom-half of the first
page of the document labeled Exhibit D containing the 2003 Discharge Summary from that
facility. The discharge diagnosis page should be redacted to exclude the top-half of the page
containing the diagnostic assessment on admission. 

 Our holding does not address the offensive use doctrine. That doctrine is distinct from
the patient-litigant exception. See Ramirez, 887 S.W.2d at 840. A party may not assert a
privilege in order to withhold evidence that would materially weaken the asserting party's
claim. Id. We cannot determine at this time on this record whether the doctrine applies. If
relator intends to call the treaters as witnesses, good cause may exist under the federal statute
for further disclosure of the records, or waiver may occur under the circumstances.

 Under section 42 U.S.C.A. § 290dd-2 and Tex. R. Evid. 509(e)(4) and 510(d)(5), the
one page labeled Exhibit B and the bottom-half of the first page labeled Exhibit D of the
records identified in this Opinion are discoverable. The remainder of the records are not
discoverable at this time. We are confident the trial court will take measures as are necessary 

for the protection of the patient, the physician-patient relationship, and the treatment services. 



 The petition for writ of mandamus is conditionally granted in part and denied in part. 
The trial court is ordered to proceed in conformance with this Opinion.

 

 PER CURIAM


Submitted on November 16, 2006

Opinion Delivered December 28, 2006


Before Gaultney, Kreger and Horton, J.J. 
1. Relator is the husband and respondent in the divorce suit, and real-party-in-interest
is the wife-petitioner. 
2. The real-party-in-interest also asserts relator waived any privilege, because he did not
timely object to her request to produce. See Tex. R. Civ. P. 193.2(f) ("A party should not
object to a request for written discovery on the grounds that it calls for production of material
or information that is privileged but shall instead comply with Rule 193.3."). See also Tex.
R. Civ. P. 193.3 ("Asserting a Privilege"). See generally In re Lincoln Elec. Co., 91 S.W.3d
432, 436 (Tex. App.--Beaumont 2002, [mand. denied]) ("[I]t would appear that significant
effort was made by the promulgators of the Rules to avoid waiver by a party when privileged
materials or information may be at issue.")(emphasis in original). In the trial court, relator
responded that the parties were attempting reconciliation. The motion for protective order
was not filed until more than two years after the request to produce. Under the circumstances
of this case, however, we do not base our decision on waiver. The requesting party did not
follow the procedure described in the federal regulations implementing the federal statute. 
See 42 C.F.R. § 2.64 (2002) (requiring, among other things, filing of application, use of
fictitious name, and conduct of any hearing in judge's chambers or in some manner that
ensures confidentiality). See also 42 C.F.R. § 2.20 (2002) ("However, no State law may
either authorize or compel any disclosure prohibited by these regulations."). The trial court
did not order disclosure of all of the requested records. Despite the parties' procedures, we
reach the merits of the issues presented. 
3. The parties do not dispute that the records from the facility in Arizona are governed
by the federal statute. The applicability of federal law to other records seems less clear. The
records sought must be from a program "which is conducted, regulated, or directly or
indirectly assisted by any department or agency of the United States. . . ." See 42 U.S.C.A. §
290dd-2(a) (West 2003).